## WOODRUFF *v.* ADAMS.

Where land is leased for the purpose of raising thereon a single crop on
shares, the lessor, if he is to receive his share of the crop situated on a de-
signated part of the premises, has a right of entry on that part of the close
on which his share is growing.

But where the lessor is to receive his share of the crop on other premises than
those let, the tenant alone can maintain trespass for a breach of the de-
mised premises, committed during the term.

CASES IN THE SUPREME COURT

May Term,
1840.

WOODRUFF
v.
ADAMS.

Monday,
June 1.

ERROR to the *La Grange* Circuit Court.

DEWEY, J.— Trespass *quare clausum fregit.* Plea, general issue; verdict and judgment for plaintiff.

The Court instructed the jury, that, if the lessor of land for the purpose of raising thereon a single crop on shares, was to receive his share of the product standing on the ground, he would not be a trespasser by entering on that part of the close on which his share was growing; but if the tenant was to deliver to him his portion of the harvest on other premises than those let, the tenant alone could maintain trespass for a breach of the close committed during the term of letting. The defendant excepted to this charge.

The record contains no evidence, but, as the instruction was given, we must presume it to have been pertinent to the merits of the cause, and we think it was correct. The first branch of the charge contemplates a case in which that part of the crop which belonged to the landlord, was situated in a designated portion of the premises let. Under such circumstances, there can be no doubt of his right of entry upon that ground, as owner of the soil—and as the exclusive proprietor of the crop upon it. Indeed, had he owned the herbage, and not the land, his right would have been the same, and he could maintain trespass *quare clausum* for an injury to the emblements. *Wilson* v. *Mackreth,* 3 Burr. 1826.—*Crosby* v. *Wadsworth,* 6 East, 602.

The doctrine contained in the latter branch of the instruction is of a more doubtful character. It has been held that a letting on shares for one season is not a lease—that the letter alone can maintain trespass for breaking and entering the close—and that the season's product is the joint property of both parties concerned, for an injury to which, they must join in the action. *Hare et al.* v. *Celey,* Cro. Eliz. 143.— *Bradish* v. *Schenck,* 8 Johns. 151. In the former of these cases the Court said, that, had the letting been for two or three crops, the rule as to the right of the owner of the land to sustain an action for breach of the close would have been different. We do not perceive the reason of this distinction. The possession of the tenant for the purpose of raising one crop is as complete, for the time being, as if his right extended to the production of two or three crops. But the pre-

sent case is distinguishable from those last quoted in this; here, the landlord's share of the harvest was to be delivered to him off the premises let; in them, it was not so. In this case, therefore, the owner of the soil was not jointly interested with the producer in the crop while it was growing. His right to a portion of it accrued after severance, and on the delivery of it to him on other ground than that on which it grew. His share was in the nature of rent, and until that was delivered, the exclusive ownership of the crop was in the raiser of it; and in him, agreeably to the cases cited from *Burrow* and *East*, was the right to maintain this action. This principle is also sustained by a case in point cited in Buller's N. P. 85, and in Selw. N. P. 1341.

Several instructions were asked for and refused, but whether correctly or erroneously we know not, as the record does not inform us of the facts upon which they were predicated. It is probable, however, they involved the same principles as the charge which we have considered.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. B. Howe,* for the plaintiff.

*T. Johnson,* for the defendant.