## BLAKE v. COATS et al.

Where land is leased for one-third of the crop, to be delivered to the lessor, he is liable in trespass if he goes upon the demised premises and takes corn therefrom.

### ERROR to Wapello District Court.

*Opinion by* GREENE, J.  Trespass commenced before a justice of peace by Coats and McDonald against Blake. Plaintiffs recovered before the justice, and also in the district court.

It appears that the plaintiffs were tenants of the defendant, and had rented his ground to work on shares, stipulating to pay a rental of one-third of the crop raised, and to deliver the same to defendant. The defendant had entered the field and taken therefrom a portion of their corn crop. The court instructed the jury that on such a state of facts the plaintiffs could recover. To this instruction it is objected that the parties had a joint legal interest in the crop, and that, consequently, the tenants could not recover in trespass.

The facts that the tenants were to pay for their possession and use of the premises, one-third of the crop raised, would not create a partnership between the landlord and his tenants, nor divest these tenants of their rights of possession under the lease, even against the landlord. Although the products of the farm were to be shared between the landlord and tenants, the possession was not to be so shared. It was in consideration of that possession that the tenants were to deliver the share of the crop stipulated, and consequently so far as possession was concerned, the tenants occupied the same relation to their landlord as though they had stipulated to pay a cash rent.

We think the instruction given to the jury was applicable to the case, and correct in principle. In substance, the

instruction directed the jury that the landlord was liable in trespass, if he entered upon the possession which he had granted to the lessees, and took corn therefrom. Injury to the possession is, at law, the foundation to an action of trespass.

Had the lessees been entitled to a share of the growing crop on a designated part of the premises, he would, no doubt, have had a right of entry on that particular part, but where, as in this case, the lessor was to have his share of the crop delivered in the crib, the lessees alone were entitled to possession, and could maintain trespass even against the landlord for a breach of the demised premises. This view is sustained in *Woodruff* v. *Adams*, 5 Blackf. 317; 3 Kent., 472, 473; 4 ib. 119; 1 Chitty. P., 196; *Dockham* v. *Parker*, 9 Greenl., 137; *Wilbur* v. *Paine*, 1 Ham., 251.

Judgment affirmed.

*H. B. Hendershott*, for plaintiff in error.

*Geo. G. Wright*, for defendant.