## REES *v.* BAKER.

Where a lessee bestowed labor and improvement upon the ground rented on shares, by cultivating the same, and by putting in seed furnished by the lessor ; and where the lessor took possession of the premises in the spring, before the crop could mature, without the consent of the lessee, and harrowed in a crop of spring grain, for the reason that the tenant's crop was frozen out ; held, that the lessor was liable to the lessee for at least the amount and value of such labor.

Where land is rented to the lessee for the purpose of raising a crop of winter wheat, on shares, and the wheat is killed out by the severity of the winter, the landlord cannot be justified in taking possession of the leased premises, unless surrendered to him by the lessee, or unless the lessee refuses to put in a crop of spring grain, and share the crop with the lessor, agreeable to the original contract or lease.

Where a landlord takes possession of the premises before the expiration of the lease, without the consent or surrender of the lessee, he is a trespasser, and liable for damages.

Where land is rented upon shares, the tenant is exclusive owner of the crop, while it is growing, and the landlord is liable to him for damages, if he harrows up the ground sowed with grain, even if no amount of damage is proved.

A lease of land for a share of the grain produced is not terminated by a failure of the crop.

*Appeal from Jasper District Court.*

*Opinion by* GREENE, J.   This suit was commenced by Shelby Baker against Thomas Rees, before a justice of the peace.   The plaintiff filed a written petition in which he alleges in substance that in the fall of 1852, he rented of the defendant about eight acres of land on shares ; that he plowed and cultivated the land, and sowed fall wheat upon it in good season, and placed the same in a good condition for a crop, with the understanding that he should gather the same and share equally with the defendant who furnished the seed ; that early in the spring following, the defendant without plaintiff's consent or knowledge, entered upon said land and growing crop, and dispossessed the plaintiff of the ground which he had rented, and har-

Rees *v.* Baker.

rowed it over and sowed it with spring grain, and thereby deprived the plaintiff of all benefit for the labor which he had performed and the wheat which he had sowed on the rented ground; and that the defendant had appropriated the benefit thereof entirely to his own use. The petition claims damages to the amount of sixty dollars. The defendant answered orally, and denied the allegations in the petition.

The plaintiff obtained a judgment before the justice. Defendant appealed to the district court, where judgment was again rendered against him, and thereupon he took an appeal to this court.

1. It is urged that the court erred in instructing the jury, as shown by the first bill of exceptions. We find in this bill of exceptions instructions upon two points : 1. As to the measure of damages. 2. As to the liability of the defendant for entering upon and appropriating to his own use, the land which he had rented to the plaintiff. Upon the first point, the court instructed the jury, " That the plaintiff could prove the amount of labor, and the value thereof, and recover therefor, as his measure of damages in this case." To this instruction we see no serious objection. When a lessee has bestowed labor and improvement upon the premises, in the way of preparing the ground and putting in a crop, and when the lessor furnished the seed, with the understanding that he was to have half of the crop, but took possession of the grounds and improvements without the consent of the lessee, in the spring, before the crop matured, for the reason that the grain sowed was frozen out, the lessor is at least liable to the lessee for the amount and value of such labor. In consequence of the cultivation given to the grounds by the lessee, it appeared that the lessor put in a spring crop by merely using the harrow ; thus showing that the condition of the ground was much improved by the labor of the lessee.

It is objected that the plaintiff only rented the ground to raise a crop of winter wheat ; and as the wheat was frozen

Rees *v.* Baker.

out by the winter, the defendant was entitled to the premises as soon as the fact was discovered, without paying for any cultivation or improvement resulting from the labor of the tenant. But we cannot concede that the landlord was entitled to the possession of the premises, until after the time of harvesting the crop, unless the lessee surrendered the premises, or refused to put in a crop of spring grain, and share the crop with the lessor, agreeable to the original contract or lease. As he took possession of the premises before the expiration of the lease, without the consent or a surrender of the lessee, he was a trespasser.

According to the second instruction in the first bill of exceptions, the court charged, " That if the jury find that defendant entered upon the land described in the petition, and harrowed over the same, he was liable for damages, even if the plaintiff did not prove any amount of damages." This instruction is not erroneous. A trespasser is unquestionably liable for damages. In this case the record shows that the landlord became a trespasser. In entering upon the demised premises and appropriating the possession to himself, before the expiration of the term for which he had let them, without the consent of lessee, he was a trespasser. The fact that the lessor would be entitled to a portion of the crop after it was harvested, does not change his liability. This share was in the nature of rent, and until that was delivered, the exclusive ownership of the growing crop was in the tenant; *Woodruff* v. *Adams*, 5 Blackf., 317.

2. The errors complained of, in the second bill of exceptions, are fully disposed of by those already considered. It appears that defendant's attorneys asked the court to give certain instructions, which the court refused. As these instructions are in direct conflict with those refered to in the first bill of exceptions, it follows that they were correctly refused. These instructions virtually assume that, if a tenant rents ground to work on shares, and if it appears that the crop fails, the landlord may at once take possession of the premises, and appropriate to his own benefit, all the

cultivation made by the tenant, without being liable to him for damages. According to this doctrine, if the tenant's first sowing or planting fails, he might be precluded from sowing or planting a second time, on ground prepared by him for a crop. A lease on shares for years, might be terminated by any accidental failure of the tenant to secure good seed, or to sow or plant at the right time. It is not unusual for the first and even the second planting of corn to fail, and still a good crop be raised from the third planting. It is not unusual for a growing crop of winter wheat to be destroyed by the severity of winter, and to use the same ground in the spring for spring wheat, oats, or barley, without again plowing the land. But if the rule contended for in this case should prevail, it would follow that a tenant's lease may be terminated as often in a year, as it becomes necessary to replant the ground, and thus subject him to gross injustice and wrong.

Judgment affirmed.

*Eastman* and *Pollock*, for appellant.

*H. J. Skiff*, for appellee.