*D. S. Major*, for the appellant.

------------------

## FOWLER and Another *v.* HAWKINS.

The Court does not, ordinarily, attempt to control a party as to the order in which he shall introduce his evidence.

Where a grain rent is reserved in a lease, with a condition that the lessor shall hold the crop as security for the rent, the lien attempted to be reserved for the rent would be inoperative as to a purchaser in good faith, without notice, but would be good against a naked wrong doer, who would have no claim but possession, derived through the wrongful act.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—This case has been here before. See 11 Ind. 316, for facts. It was then decided, that a *bona fide* purchaser, for a valuable consideration, might acquire from *Wright*, the lessee, a title to the corn in controversy, if sold by him without having procured the consent of *Hawkins*, the lessor.

Upon the second trial, the material question was, whether such a sale had been made by the lessee. *Wright*, and *Ford*, his immediate vendee, were both witnesses, and their evidence upon that point was contradictory. The jury found for the plaintiff; and we cannot disturb the judgment on the ground that it was not supported by the evidence.

It is said the lease between *Hawkins* and *Wright* ought not to have been admitted as evidence. We do not perceive that there was any error in that ruling. Whether the lease could have force as evidence, toward showing a lien, depended upon whether it was followed by other testimony, as to notice, &c. But the Court does not, ordinarily, attempt to control a party, as to the order in which he shall introduce

*Tuesday, December 3.*

his evidence. It was competent for another purpose, namely, to sustain *Wright* as to the amount of rent reserved.

The following instruction it is argued is erroneous: "The real question in this case, and, indeed, the only material one for the consideration of the jury, is whether the witness *Wright*, sold to the witness *Ford*, through whom the defendants claim title, the corn which was to be delivered to *Hawkins* for rent; and if you shall believe from the evidence that *Wright* reserved the corn, which was to go to *Hawkins*, then *Ford* could not, by taking possession of all the corn as a wrong doer, and selling it to *Fowler* and *Earl*, confer any title on them as against *Hawkins*, which would avail them in this case."

It is said that this charge ignores the fact that *Hawkins* had never been put in possession of the corn which he was to have for rent; and, consequently, does not require him to depend upon the strength of his title to recover.

There are other instructions which fairly presented the right of the lessee to sell the corn by him raised, even including that which was to be paid as rent; the rights acquired therein by the purchaser and those claiming under him; that the same was superior, in behalf of a *bona fide* purchaser &c., to the lien attempted to be created in favor of the lessor.

We think, taking the instructions all together, that the question was presented in a manner not to be misunderstood by the jury, whether the corn in controversy, the rent corn, was sold by *Wright* to *Ford*, or not, and whether it was taken possession of by *Ford*, or those claiming under him, under color of right, or as naked wrong doers?

We suppose the provisions of 'the lease attempting to secure a lien upon the whole crop, would be inoperative as to good faith purchasers, without notice, &c.; but certainly, the lien would be good against a naked wrong doer, who would have no claim but possession, derived through his wrongful act, as to the crop, or that portion of it, the possession of which was thus acquired.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. C. Gregory, H. W. Chase* and *J. A. Wilstach,* for the appellants.

*W. C. Wilson* and *Geo. Gardner,* for the appellee.