*J. Brown, R. L. Polk* and *W. March,* for appellant.

*J. H. Mellett* and *M. E. Forkner,* for appellee.

------

HART and Others *v.* THE STATE, on the relation of BAKER.

LANDLORD AND TENANT.—Where a field was rented to be cultivated in corn, and the lessor was to have one-third of the crop as it stood in the field after it was laid by, it was held that the property in the one-third vested absolutely in the lessor, without any formal delivery or setting apart.

APPEAL from the *Warrick* Common Pleas.

GREGORY, J.—Suit by the appellee against the appellants, commenced before a justice of the peace on a constable's bond. The breach complained of is, that the defendant *Hart,* as constable, sold the property of *Baker,* the relator, on an execution against *Wallace.* Trial by the court; finding for the plaintiff; motion for a new trial overruled, and judgment. The evidence is all in the record, and is in substance as follows:

In the spring of 1866, *Baker* rented to *Wallace* a field, a part of the farm on which the former resided, for the pur-

pose of raising a crop of corn. *Baker* was to have one-third of the grain raised, as rent. The corn was to be *Baker's* in the field, when it was laid by. *Wallace* was to have nothing more to do with the crop. But each party was to take his share from the field. The corn was levied upon on the 5th of *December*, and sold on the 22d. *Baker* gave the constable notice of his rights on the latter day, and before the sale. *Baker* and *Wallace* never had any communication with each other about the corn from the day of the renting until after it was sold by *Hart* as constable. No part of the crop was ever set apart to the relator. After the corn had been laid by, *Hart*, as constable, sold all of it on sundry executions against *Wallace*.

The only question presented by the appellants is, to whom did the corn belong on the day that it was sold by the constable? *Chissom et al.* v. *Hawkins*, 11 Ind. 316, is relied on by the appellants to sustain their position, that the property in the corn was in the tenant until actual delivery. In that case the tenant was to husk and crib the corn. There a delivery was contracted for. In the case under consideration, no delivery was contemplated. The landlord was in the actual as well as the constructive possession of the land on which the grain was raised. *Wallace* was to have nothing to do with the crop after it was laid by; his right was restricted; he could enter upon the land and take away two-thirds of the crop; beyond this he had no power under his contract with the owner of the land. In *Woodruff* v. *Adams*, 5 Blackf. 317, a distinction is recognized between a case where the landlord is to receive his rent on the demised premises, and when he is to receive it at some other place. In the former case the landlord may enter on the close in which his share is growing, without being a trespasser.

At the time of the levy, all had been done that was contemplated by the contract between the landlord and tenant to vest the property, in the rent corn, in the former. No delivery was contracted for, and we

think none was necessary to vest the property in the landlord.

The judgment is affirmed, with ten per cent. damages and costs.

*A. Iglehart* and *I. S. Moore*, for appellants.

*J. Fuller*, for appellee.

