## LACY v. WEAVER.

PRACTICE.—*Supreme Court.*—*Special Finding.*—Where a special finding of facts and conclusions of law is made by the court, the party excepting to the conclusions of law need not move for judgment on the special finding, in order to present the questions arising thereon to the Supreme Court.

LANDLORD AND TENANT.—*Rent Payable in Grain.*—*Replevin.*—Where a tenant agreed to give his landlord one-half of the wheat raised on the leased premises, to be delivered to the landlord in the bushel, on the premises, at threshing time, and the tenant only set apart and delivered one-third of the wheat, and retained the remainder under a claim of ownership, without separating the remainder of the landlord's share from his own, replevin would not lie for the landlord to recover the remaining portion of his half.

From the Hamilton Circuit Court.

*D. Moss* and *F. M. Trissal*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

BUSKIRK, J.—This was an action by appellant against appellee, to recover the possession of two hundred and forty bushels of wheat. The complaint was in the usual form. The appellee answered by a denial.

The cause was submitted to the court for trial, who, at the request of the parties, rendered a special finding of facts, and stated the conclusions of law thereon. The special finding was as follows :

"That in the fall of 1872, the plaintiff leased by parol to the defendant about seventy acres of wheat land, in Hamilton county, in consideration that the defendant would pay him one-half of the wheat as rent, the wheat to be delivered in the bushel to the plaintiff, on the farm where raised, in the summer or fall of 1873, at threshing time. In pursuance of the contract, the defendant took possession of the land, sowed, harvested, and threshed the wheat crop in the fall of 1873, and delivered to the plaintiff one-third of the same, and refused to deliver any more, under the claim that that was all the plaintiff was to have under the contract. The plaintiff demanded the residue of his half of the wheat from the defendant, and on his refusal to comply with the demand brought this suit. The plaintiff replevied fifty-six bushels of the wheat out of the wagon in which the defendant was hauling it to mill. He then, in company with the sheriff, went to a barn in which several hundred bushels of defendant's wheat was stored, and took out thirty bushels under the writ, which, together with the fifty-six bushels before taken under the same writ, and the one-third delivered by the defendant at the threshing machine, made one-half of the said wheat crop. The court further finds that at the time the wheat was threshed, the defendant set apart and delivered to the plaintiff one-third of the wheat, and no more, and that the wheat replevied, some eighty-six bushels in all, was never delivered or set apart by the defendant, or separated from his own share of the wheat ; but was retained

by him under a claim of ownership; and that the total value of the wheat replevied is one hundred and seven dollars and fifty-seven cents, and is now in plaintiff's possession under the writ.

" Upon which said facts the court stated its conclusions of law to be, that the defendant is the owner, and entitled to the possession of the wheat; and entitled to the return of the same; and that he recover of the plaintiff one hundred and seven dollars and fifty cents.

" HARVEY CRAVEN. [Seal.]"

The court thereupon rendered a judgment for the return of such wheat; and if the same cannot be returned, a judgment was rendered for the sum of one hundred and seven dollars and fifty cents, and costs.

The appellant excepted to the conclusions of law, and has assigned for error here that the court erred in its conclusions of law.

Counsel for appellee insist that no question is presented for our decision, because there was no motion made for judgment on the special finding of the court. The law is otherwise settled by repeated decisions of this court.

In *Cruzan* v. *Smith*, 41 Ind. 288, the previous rulings of this court bearing on the point were reviewed, and, upon full consideration, the rule of practice was stated thus : " When a party excepts to the decision of the court, he admits that the facts are correctly and fully found, but says that the court erred in applying the law to the facts found to exist. When a case is thus prepared for this court, there is but a single question of law presented for our decision, and that is, whether the court erred in applying the law to the facts found, and such question is presented for review here by assigning for error that the court erred in its conclusions of law." See *The Montmorency G. R. Co.* v. *Rock*, 41 Ind. 263.

The court found that the appellant, by the terms of the contract, was entitled to one-half of the wheat raised upon the leased premises; but the court further found, that the wheat was to be delivered in the bushel to the plaintiff, on the farm where raised, at threshing time; that one-third of the wheat

was set apart and delivered to the plaintiff; that. the wheat which was replevied had never been delivered or set apart by the defendant, or separated from his own share of the wheat, but was retained by him under a claim of ownership.

It is quite evident from the facts found that the appellee was guilty of a breach of his contract, and that appellant had a right of action against him for the value of the wheat withheld; but the question which we are required to decide is, whether the appellant could maintain replevin for wheat which had never been delivered to him, and which had never been separated from the other wheat belonging to the appellee. The appellant claimed to be the owner, and entitled to the immediate possession of the wheat. Being the landlord and entitled to one-half of the wheat raised, the appellant had a joint interest with the appellee in the wheat raised, but as the wheat was to be harvested, threshed, and delivered by the appellee to the appellant in the bushel, and there having been no delivery of the wheat, the title thereto remained in the appellee, and hence the appellant was not the owner, and as the wheat claimed by the appellant had never been separated from the other wheat of the appellee, the appellant could not maintain replevin, because he was not entitled to any particular and ascertained portion of the wheat, the title and possession of which remained in the appellee. After the wheat was harvested, it remained the property of the tenant until it was threshed, measured, and one-half of it set apart for the landlord. So the appellant was not the owner or entitled to the possession of any specific or ascertained wheat. *Williams* v. *Smith*, 7 Ind. 559 ; *Chissom* v. *Hawkins*, 11 Ind. 316 ; *Fowler* v. *Hawkins*, 17 Ind. 211 ; *Hart* v. *The State, ex rel. Baker*, 29 Ind. 200 ; *Lindley* v. *Kelley*, 42 Ind. 294.

We invite especial attention to the case of *Lester* v. *East,* *post*, p. 588, which was an action of replevin, and it was held that the plaintiff could not maintain the action, because there had been no delivery of the hogs, and hence the title remained in the vendor, and the vendee was not the owner or entitled to the possession of any particular or ascertained hogs.

Counsel for appellant refer us to the following cases: *Chissom* v. *Hawkins,* 11 Ind. 316; *Matlock* v. *Fry,* 15 Ind. 483; *Sands* v. *Taylor,* 5 Johns. 395; *Hammond* v. *Anderson,* 4 Bos. & P. 69; *Smith* v. *Surman,* 9 B. & C. 561; *Slubey* v. *Heyward,* 2 H. Bl. 504.

In *Chissom* v. *Hawkins, supra,* the tenant was to pay as rent one thousand seven hundred bushels of corn. The tenant sold the corn. The landlord brought an action of replevin, and it was held, that the title remained in the tenant; and, as he had sold it to an innocent purchaser, the title passed by such sale, and the action could not be maintained.

The case of *Matlock* v. *Fry, supra,* was an action to recover the possession of standing corn, and the only question was, whether standing corn was personal property, and it was held it was. It does not appear from the opinion, by what right or title the plaintiff claimed to be the owner of the corn. There was nothing decided in that case that has any bearing upon the question involved here.

The case of *Sands* v. *Taylor, supra,* was an action of assumpsit for the value of a cargo of wheat. The entire cargo had been sold, and part delivered, when the purchasers refused to receive the balance, upon the ground that the wheat was unsound. The question in the case was, whether it was a sale by sample, with warranty that the whole corresponded with the sample, or whether it was an absolute sale of all the wheat which had been examined by the purchasers before the sale in the usual way.

The case of *Hammond* v. *Anderson, supra,* involved the right of stoppage *in transitu.* There a number of bales of bacon, then lying at a wharf, having been sold for an entire sum, to be paid for by a bill at two months, an order was given to the wharfinger to deliver them to the purchaser, who went to the wharf, weighed the whole, and took away several bales, and then became bankrupt; whereupon the vendor, within ten days from the time of sale, ordered the wharfinger not to deliver the remainder. By the custom of the trade, the charges of warehousing were to be paid by the vendor for fourteen days.

after the sale.   It ,was held, that the vendee had taken possession of the whole, and that the vendor had no right to stop what remained in the hands of the wharfinger.

The case of *Smith* v. *Surman, supra,* involved the question of whether a sale of timber was within the statute of frauds. The case was fully reviewed and considered in the case of *Owens* v. *Lewis,* 46 Ind. 488, and need not be further noticed here.

The case of *Slubey* v. *Heyward, supra,* was an action of trover, for a quantity of wheat.   Four questions were considered and decided, and they were :

1. What right passes by the indorsement of a bill of lading ?

2. Whether the consignor, after the indorsement of the bill of lading for a valuable consideration, may stop the goods *in transitu.*

3. What shall be deemed the end of the *transitus ?*

4. Whether, when part of the goods have been delivered to the indorsee of the bill of lading, the master of the ship is justified in delivering the residue, after notice from the consignor not to deliver it.

It is quite obvious, that none of these cases or the questions involved have any application to the present case, and need not be stated with greater particularity.

We think the court below committed no error in its conclusions of the law applicable to the facts found.

The judgment is affirmed, with costs.