tion; and is presumed correct until reversed or set aside by competent authority. It is unreasonable, that a man should be liable to pay damages for exercising a right which he had obtained from a legal source, and which he was bound by a bond, and by the laws of his country, to exercise faithfully. Such a proceeding is manifestly contrary to justice. To impeach the validity of a public grant of record in this collateral way, operates as an unfair surprise upon the grantee; and is calculated to supersede and abolish the more safe and easy practice, which has been sanctioned by the experience and wisdom of ages. If the commissioners acted incorrectly, their proceedings should be set aside by a proper tribunal; but while the grant remained in force and unrepealed, it was a good defence against any action brought against the grantee for the exercise of the rights granted; and ought to have been admitted as a good defence in this case. We think the instruction given by the Court to the jury, and the verdict and judgment, clearly erroneous (1).

*Per Curiam.*—The judgment is reversed, with costs. To be certified, &c.

*Nelson*, for the plaintiff.

*Dewey*, for the defendants.

(1) The judgment was erroneous on another ground. The statute authorizing the grant of a ferry gives a penalty in case of disturbance; and the party injured is confined to the statutable remedy. Vide *Almy* v. *Harris*, 5 Johns. R. 175.—*Lang* v. *Scott*, Nov. term, 1825, post.

*May Term, 1822.*

DAVIS
v.
SCOTT.

---

## The GOVERNOR v. KENNERLY and Others, in Error.

HELD, that it is not the duty of a justice of the peace, under the statute, to issue a scire facias against a constable for failing to return an execution, unless the scire facias be ordered by the plaintiff (1).

(1). Stat. 1817, p. 215;—1823, p. 245.

*Wednesday, May 8.*

---

## DAVIS v. SCOTT, in Error.

TRESPASS for an assault and battery and false imprisonment. Plea, former recovery and execution against a joint

*Wednesday, May 8.*

Caso 2.
1b 169
146 175

23.

trespasser.  *Held*, on general demurrer, that the plea was a bar to the action.

_____

### Ewing and Others *v.* French.

>*A.* sold and delivered to *B.* a quantity of wheat, for which *B.* promised to pay *A.* as much flour as the wheat was worth, when requested : *Held*, that in a suit against *B.* on this contract, the plaintiff must aver and prove a special demand of the flour.
>*Held*, also, that if the declaration be amended, on the calling of the cause, by an averment of such a demand, it is a substantial amendment, and entitles the defendant, under the statute, to a continuance.

*Wednesday,*
*May 8.*

APPEAL from the *Knox* Circuit Court.—Assumpsit by *French* against *Ewing* and others.  Plea, non-assumpsit.  Verdict and judgment in favour of the plaintiff below.

Holman, J.—The declaration in this case contains several counts in assumpsit; but it appears from the record, that the principal reliance must have been placed on the second.  That count sets out, that the plaintiff having sold and delivered to the defendants a large quantity of wheat, to wit, 600 bushels, at their special instance and request, they undertook and promised that they would pay him so much merchantable flour as the wheat was reasonably worth, when they should be thereunto afterwards requested.  It then avers the worth of the wheat in flour, of which the defendants had notice; that the defendants had not paid the flour, nor any part thereof; but that the same or any part thereof, they had wholly refused and failed to pay, &c.  On the calling of the cause, the plaintiff obtained leave to amend his declaration; and amended the second count by inserting in the breach, a demand of the flour on the —— day of ——.  In consequence of this amendment, the defendants moved for a continuance; which the Circuit Court refused to grant.

This motion for a continuance was founded on the 17th section of the act regulating the practice in the Circuit Courts; which among other things provides, that if the plaintiff obtains leave to amend his declaration, and makes the amendment in matter of form, the trial shall go on; but if he amends in matter of substance, the defendant may demand a continuance of the cause until the next term.  Stat. 1817, p. 28 (1).  Continuances generally depend on the sound discretion of the Court; but