Rasor
v.
Qualls.

Rasor *v.* Qualls.

Trespass for breaking the plaintiff's close and taking away his grain. Special plea, that the close was the freehold of *A.*, and that by his license the defendant entered, &c. *Held,* that the plea was good. *Held,* also, that the facts contained in the plea might be given in evidence under the general issue.

A person having a pre-emption right to a certain tract of *United States'* land, which right was to expire on a certain day, sowed grain on the land which he knew would, on that day, be unripe, and then permitted the time to expire without making the purchase. *Held,* that a stranger, who afterwards purchased the land of the *United States,* was entitled to the growing crop.

*Monday,
May 29.*

APPEAL from the *Franklin* Circuit Court.

BLACKFORD, J.—Trespass *quare clausum fregit,* brought by *George Rasor* against *Nicholas Qualls.* There are two counts in the declaration. The first is for breaking the plaintiff's close in *August,* 1836, and taking and carrying away a certain quantity of his grain. The second count is for forcibly taking and carrying away a certain quantity of other grain belonging to the plaintiff. The defendant pleaded the general issue. He also pleaded in bar to the first count, the following special plea, viz. that the close in that count mentioned now is, and at the time when, &c., was, the soil and freehold of one *John M. Qualls;* and that the defendant, on, &c., by the license of the said *John M. Qualls,* broke and entered the close, and took and carried away the grain; which is the same trespass, &c. The special plea was demurred to, but the demurrer was overruled. No formal judgment was rendered on the demurrer, and the parties went to trial on the general issue to the whole declaration.

After the evidence was closed, the Court instructed the jury as follows: that if it was proved that the plaintiff had a pre-emption right to the premises, which expired in *June,* 1836; that the crop which was sued for was put in during the existence of that right, and was unripe and growing when the right expired; and that the defendant, after the expiration of this pre-emption right, bought the land of the *United States* and took the growing crop,—the crop belonged to the defendant, and the jury ought to find in his favour.

A verdict was found for the defendant, and there was a judgment accordingly.

The first question submitted by the parties is,—Was the special plea to the first count valid?

That question we decide in the affirmative. The ground of action contained in the first count, is the breaking and entering the plaintiff's close. The taking away the grain mentioned in that count, belongs to the description of the trespass, and is only laid by way of aggravation. It was not necessary that the plea should notice this matter of aggravation, as appears by the following cases:—In trespass for breaking and entering the plaintiff's house, debauching his daughter and getting her with child, *per quod servitium amisit,* if the defendant can justify the entering of the house, he defeats the action. *Bennett* v. *Allcott,* 2 T. R. 166. So, in trespass for breaking and entering the plaintiff's house, and expelling him therefrom, a justification of the breaking and entering the house is a bar to the suit. *Taylor* v. *Cole,* 3 T. R. 292. It is therefore settled, that all the defendant had to show, in answer to the first count, was, that he had a right to enter on the premises; and we are next to inquire, whether that right is shown by the plea. It is decided, that a person having the freehold and a right to the possession, may enter on the close even by force, without subjecting himself to an action of trespass by the party in possession. *Taunton* v. *Costar,* 7 T. R. 427.—*Butcher* v. *Butcher,* 7 Barn. & Cress. 399. And any person, by virtue of an authority from such owner, may do the same. There is, indeed, a decision in point to show, that proof that the freehold was in a third person, and that the defendant entered under his authority, is a good defence to a charge of breaking the close. *Diersly* and *Nevel's* case, 1 Leonard's Rep. 301. This case in *Leonard* is cited in Gilbert's Evidence, p. 255, and is approved by Justice *Lawrence* in *Argent* v. *Durrant,* 8 T. R. 405. These authorities prove, that the facts contained in this special plea, are an answer to the charge in the first count of breaking the plaintiff's close; and they must consequently be considered a sufficient answer to that count. The defendant had his choice to plead these facts specially, or to give them in evidence under the general issue. 1 Chitt. Plead. 538, 541.

The second question in the cause is,—Were the instructions to the jury correct?

This question must also be decided in the affirmative. The act of congress of 1834, which revives a previous law granting

pre-emption rights to settlers on the public lands, is the act under which the plaintiff's right of pre-emption was claimed. That act expired, by its own limitation, on the 19th of *June*, 1836. Acts of congress, 1834, p. 28. The plaintiff therefore knew when he planted in 1836, whether the crop could ripen or not before his pre-emption right must expire; and his claim to the crop in question, may be tested by the rule that regulates the claim, which a lessee for a certain term of years has to the emblements that are growing when his lease expires. The law has always been, that if such a lessee for years, in the last year of his term, sow a crop, and it be not ripe and cut before the expiration of the term, the landlord is entitled to the crop. It was the tenant's own folly, say the books, to sow when he knew with certainty that his lease would be at an end before the time of harvest. 2 Blacks. Comm. 145.—4 Kent's Comm. 109. So, it may be said here with the same propriety, that it was the plaintiff's folly to plant the crop in question, when he knew that his pre-emption right must expire before the crop could be ripe. According to the facts assumed in the instructions to the jury, the opinion of the Circuit Court is correct, that the crop mentioned in the declaration belonged to the purchaser of the land.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Ryman*, for the appellant.
*G. Holland*, for the appellee.