## STEWART *v.* HAYNES.

A person to be entitled to a pre-emption right under the act of congress of 1830, must have cultivated the land in 1829, and have been in possession of it at the time the act passed.

APPEAL from the *Noble* Circuit Court.

SULLIVAN, J.—Trespass *quare clausum fregit* by *Haynes* against *Stewart*. The defendant pleaded not guilty, *liberum tenementum*, and a license, on which issues were made to the country. He also pleaded a fourth plea averring that he did, on, &c., and during and before the existence of a certain act of congress granting pre-emption rights to actual settlers on the public lands of the *United States*, enter the said quarter section of land, being the close described in said declaration;

that he, said defendant, was the first settler thereon and entitled to the right of pre-emption, and that being so entitled, he put in his application for the same at the *Fort-Wayne* land-office, being the land-office at which the same was to be entered and sold; that he then paid to the proper officer at said land-office the price of said quarter section of land, and proceeded to prove, and did prove, his pre-emption right for the same, and during the pendency of his claim he sowed two acres of said land in wheat, &c.; that before the crop was ripe, the plaintiff fraudulently and corruptly bought the said land of the *United States*, well knowing that defendant had a pre-emption right thereto, &c.; whereupon the defendant, as owner of said wheat, entered upon said premises and cut and carried away said wheat, &c., as he lawfully might, &c.

The plaintiff demurred to said plea, and the Court sustained the demurrer. The issues in fact were tried by a jury. Verdict and judgment for the plaintiff.

The only question for our consideration is as to the sufficiency of the fourth plea.

The act of congress of the 29th of *May*, 1830, granting pre-emption rights provides, that every settler or occupant of the public lands prior to the passage of the act, who was then in possession and had cultivated any part thereof in the year 1829, might enter with the register of the land-office in the proper district, any number of acres not exceeding one hundred and sixty including his improvements, at the minimum price of said land, on proof of settlement and improvement being made to the satisfaction of the register and receiver of the said district, &c.

The defendant shows himself not to belong to the class of persons for whose benefit the law was passed. To be entitled to a pre-emption right he should have cultivated the land in the year 1829;—the averment in his plea is, that it was during the pendency of his application for the pre-emption privilege that the land was cultivated by him. It was also necessary that he should have been in possession of the land at the time of the passage of the law. The plea is defective in not containing an averment to that effect.

And if the defendant had been in all respects legally entitled to a preference in the purchase of the land, and had stop-

ped short of obtaining an absolute grant from the government, it is still a matter worthy of consideration whether it would avail him as a defence, in the present action, against the patentee. 4 Blackf. 286. It is not necessary, however, for the decision of the present case, that that point be now examined. The plea is clearly insufficient for the reasons above given.

There is another point relied on by the appellant for the reversal of this judgment, but it is obvious to the Court that it arises from a mere clerical mistake, and does not affect the merits of the case.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*H. Cooper*, for the appellant.

*D. H. Colerick*, for the appellee.