Nov. Term,
1849.
_____

LATHROP
v.
ROGERS.

_____

LATHROP *v.* ROGERS.

*A.* rented a field to *B.* to raise a crop of corn, and was to have 12½ bushels of corn per acre, or half of the crop standing in the field, as he should elect, for the rent; before the crop was made *C.* became the owner of *A.*'s interest by assignment. *B.* received no notice of the manner in which *A.* would elect to receive the rent, and no division of the corn or field was made, and *C.* turned a number of hogs on the field. The Court instructed the jury that the act of turning the hogs on the field was trespass. *Held*, that there was no error in this instruction.

*Friday,*
*December 7.*

APPEAL from the *Decatur* Circuit Court.

SMITH, J. — Trespass *quare clausum fregit* by *Lathrop* against *Rogers* for breaking the close of the plaintiff, being a certain field upon which a crop of *Indian* corn was growing, and turning thereon a large number of hogs. Plea, not guilty.

There was proof that in the spring of the year during which the alleged trespass was committed, one *Chambers* was the owner of the field and rented it to the plaintiff to raise a crop of corn. *Chambers* was to have 12½ bushels of corn per acre, or one-half of the crop standing in the field, as he should elect. Before the crop was made, the defendant became the owner of *Chambers's* interest in the land by assignment. The plaintiff had received no notice of the manner in which *Chambers* would elect to receive the rent, and no division of the corn or field had been made prior to the commission of the trespass.

The defendant below complains of the instructions.

He requested the Court to charge the jury that if the field was rented to the plaintiff to tend upon the shares or upon condition that each party was to have a part of the corn, the plaintiff and defendant would have a joint interest, and the defendant would not be guilty. The Court refused to give charges to that effect, and told the jury that unless there had been a separation or division of the field so that each party was entitled to a distinct portion of it, the act of turning the hogs upon the field was a trespass.

The record does not purport to contain all the evidence, but, from what appears by the bill of exceptions, we can perceive no error in the instructions.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Robinson*, for the appellant.

*A. Davison*, for the appellee.