Nov. Term, 1854.

Prichard
v.
Campbell.

---

## Prichard and Others *v.* Campbell.

Trespass, before a justice of the peace, against several defendants, part of whom only were served with process. Judgment was rendered against the defendants summoned, and they took an appeal to the Circuit Court. In the Circuit Court judgment was rendered against the defendants who had been summoned, and also against a defendant who had not been summoned nor appeared to the action. *Held,* that as to him the judgment was a nullity.

In trespass against several defendants, if the plaintiff proves a joint trespass against part of the defendants only, he can not afterwards give evidence of another trespass by all, even against such part alone.

In trespass *quare clausum fregit,* it must be proved that the trespass was committed in the county where the premises are situate.

*Thursday, December 7.*

APPEAL from the *Madison* Circuit Court.

Davison, J.—This was an action of trespass commenced by *Campbell,* before a justice of the peace, against *Rhoda Prichard, Ira Sawyer, Jesse Prichard, William Davis, Bailey Davis, William George,* and *John Stephens.* The complaint is, that the defendants, on the 25th, 26th, 27th and 28th of *January,* 1852, at *Madison* county, entered upon the plaintiff's land, and with force, &c., took, carried away and destroyed the corn standing in two fields, viz., 350 bushels, worth 50 dollars.

A summons was issued against the defendants, and served on all of them except *John Stephens,* as to whom it was returned not found. Those served with process

appeared and pleaded jointly not guilty. Against them alone the justice gave judgment, and they appealed.

In the Circuit Court, a jury was waived. The Court found for the plaintiff 42 dollars. A new trial was refused, and judgment given against *Rhoda Prichard, Ira Sawyer, William Davis, Bailey Davis, Jesse Prichard,* and *John Stephens.*

The judgment, so far as it relates to *Stephens,* is a nullity. He never appeared to the action. As to him there was no adjudication before the justice, nor was he in any way connected with the appeal. Therefore he was not within the jurisdiction of the Circuit Court.

Upon the trial, the plaintiff having proved that *Sawyer* and *Prichard,* two of the defendants, on a certain day took and carried away one load of corn, proposed to prove that on the next day, and for two days thereafter continuously, the defendants jointly committed other and additional trespasses in the same close. Evidence to that effect was, over the defendant's objection, admitted. The rule "in actions for a joint trespass against several defendants, is for the jury to assess damages against all the defendants jointly, according to the amount which, in their judgment, the most culpable of the defendants ought to pay. And if several damages are assessed, the plaintiff may elect which sum he pleases, and enter judgment *de melioribus damnis* against them all." From this view, it seems that the evidence should have been excluded; because its tendency was to operate unjustly toward those defendants who did not participate in the first trespass. Mr. *Greenleaf* illustrates the rule applicable to the point under consideration thus: " Where the action is against three, and the plaintiff proves a joint trespass by two only, he will not be allowed to give evidence of another trespass by all three, even against those two alone." 2 Greenl. Ev., s. 624.—2 Stark. Ev., p. 1105.

Another objection is raised to these proceedings. No evidence was adduced on the trial tending to prove that the close described in the complaint was within the county of *Madison.* In that respect the proof was defective.

Nov. Term, 1854.

PRICHARD
v.
CAMPBELL.

Nov. Term, 1854.

Trespass for breaking and entering a close is a local action. It can only be brought in the county in which the premises are situated. Their locality ought therefore to be proved as they are described. 2 Phill. Ev. 136.—*Ham v. Rogers*, 6 Blackf. 559. In *Roach v. Damron*, 2 Humph. 425, it was decided that "the land upon which the trespass is committed must be proved to lay in the county in which the action is brought. This defect in proof will not be cured by verdict."

We think that in this case a new trial should have been granted.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*H. Craven* and *W. R. Pierse*, for the appellant.

*J. Davis*, for the appellee.