## FLEMING v. McDONALD.

TRESPASS.—*Joint Trespassers.*—*Right of Action.*—An injured party may sue several joint trespassers separately, and prosecute each suit to final judgment; but then he must elect against whom he will take execution.

SAME.—*Execution.*—A final judgment and an execution, or an order for an execution, against one of several joint trespassers, is a discharge of all the others.

From the Crawford Circuit Court.

*F. Wilson, M. F. Dunn,* and *J. W. Tucker,* for appellant.

BIDDLE, J.—On the 12th day of March, 1873, the appellant brought his action against the appellee and Peter Godfrey, for an assault and battery.

The complaint contains two paragraphs. The first paragraph alleges, " that said defendants assaulted and beat the plaintiff, whereby," etc.

The second paragraph alleges the same thing, with aggravation, and special damages, whereby, etc.

The appellee pleaded several paragraphs of answer, all of which were withdrawn, but the third paragraph, which is as follows:

That, in 1869, the appellant sued the appellee and Peter Godfrey, for the same trespass; that at the February term of the court, 1870, he recovered a joint judgment against said appellant and Godfrey, on default, for twelve hundred dollars and costs; that at the February term, 1871, on motion, the court set aside the default and judgment as to the appellant, " for the reason that this defendant (the appellant) did not have actual notice of said suit at the time default and judgment therein were taken against him, leaving said judgment so taken against Peter Godfrey in full force, unappealed from, and unreversed;" that afterwards the appellant sued out execution in due form of law, and placed the same in the hands of the sheriff of Crawford county; that said sheriff levied the same on the property of said Peter Godfrey, and sold the same

Fleming *v.* McDonald.

in due form of law, etc.; all of which is more particularly averred as to time, place, etc.; wherefore, etc.

The appellant demurred to this paragraph of answer, for want of sufficient facts; the court overruled the demurrer, and, the appellant refusing to reply, rendered judgment in favor of the appellee for his costs. Exceptions and appeal were properly taken.

The error assigned is overruling the demurrer to the third paragraph of answer, which raises the only question in the case.

The appellee files no brief, and the appellant cites no authorities.

In England, such a plea as the third paragraph of the answer in this case, even without averring the issue of an execution on the judgment, would be held good. In *Brinsmead* v. *Harrison*, L. R. 7 C. P. 547, a late English case, it was held that a judgment against A. for the joint tort of A. and B. is a bar to another action against B. for the same act. KELLY, C. B., remarks:

"If it were held not to be a defence, the effect would in the first place be to encourage any number of vexatious actions, wherever there happened to be several joint wrong-doers. An unprincipled attorney might be found willing enough to bring an action against each and every of them. * * Judgment having been recovered against one or more of the wrong-doers, and damages assessed, if that judgment afforded no defence, the plaintiff might proceed to trial against another of them, and the second jury might assess a different amount of damages. Which amount is the plaintiff to levy? * * There is no authority whatever—since the reigns of the Henrys and the Edwards nothing approaching to an authority has been cited—to shew that such a plea as this would not be a good defence."

In America, the decisions upon this question have not been uniform. In some of the states, it has been held that it requires a satisfaction of a judgment against one joint tort-feasor before it can be pleaded in bar by a co-tort-feasor in another action for the same wrong; others hold that taking

execution is sufficient, without averring satisfaction. Perhaps some have gone to the extent of the English rule.

In our opinion, the true doctrine was announced in *Allen* v. *Wheatley,* 3 Blackf. 332 :

"The injured party, if he choose, may sue several joint trespassers separately, and prosecute each suit to a final judgment, but there he must stop and elect against whom he will take his execution. * * He cannot have two separate executions. Hence a final judgment and an execution, or an order for an execution, against one of several joint trespassers, is a discharge of all the others."

And we believe this to be the current of American authorities. *Davis* v. *Scott,* 1 Blackf. 169 ; *Fitzgerald* v. *Smith,* 1 Ind. 310 ; *Prichard* v. *Campbell,* 5 Ind. 494 ; *Snodgrass* v. *Hunt,* 15 Ind. 274 ; *Golding* v. *Hall,* 9 Porter, 169 ; *Blann* v. *Crocheron,* 20 Ala. 320 ; *Smith* v. *Singleton,* 2 McMullan, 184.

We are of opinion that the ruling of the court below was right.

The judgment is affirmed.