Bennett v. McIntire.

No. 13,940.

## BENNETT v. McINTIRE.

TRESPASS.—*License.*—*Fraud.*—*Pleading.*—*Reply.*—*Demurrer.*—Where, in an action in trespass for entering upon the plaintiff's premises and into his dwelling-house, it being alleged by way of aggravation that the defendant having wrongfully entered, attempted to seduce the plaintiff's wife, the defendant answers, in justification, that he entered by plaintiff's license, a reply admitting the license but charging that the plaintiff's consent to his entering upon the premises was fraudulently obtained, no facts being averred constituting the fraud, is subject to a demurrer.

SAME.—*Evidence.*—*Demurrer.*—It appeared in the plaintiff's evidence that he had borrowed the defendant's shovel, and the latter, his neighbor, entered upon the plaintiff's premises, with his consent and authority, to obtain possession of it. From this evidence the inference could not be drawn that the defendant was a trespasser, and to it a demurrer was properly sustained.

FRAUD.—*False Representation.*—*To What it must Relate.*—A false representation, in order to be available as a cause of action or defence, must relate to some existing or past fact, and not merely be a promise as to future conduct or intention.

From the Clinton Circuit Court.

*C. M. Zion* and *J. N. Sims*, for appellant.

*T. H. Palmer* and *W. F. Palmer*, for appellee.

MITCHELL, C. J.—Bennett sued McIntyre, in trespass, alleging that the latter, with force and arms, entered upon the plaintiff's premises and into his dwelling house thereon situated, to his damage. By way of aggravation the plaintiff charged that the defendant, having so wrongfully entered upon his premises, attempted to seduce and debauch the plaintiff's wife by wickedly soliciting and attempting to persuade her to submit to illicit carnal intercourse, whereby the plaintiff was greatly grieved and damaged.

The defendant, after pleading the general issue, answered in justification to the effect, that he entered upon the plaintiff's premises by his leave and license for the purpose of

obtaining possession of a shovel which the plaintiff had theretofore borrowed from him, and that he did no injury or damage to any property, real or personal, belonging to the plaintiff, and that this was the identical trespass mentioned, etc.

The plaintiff replied, in substance, admitting the license, but averred that the defendant abused the privilege conferred by misconducting himself as above alleged, and charged that he obtained the plaintiff's consent to enter upon his premises by fraudulently representing that he wanted to use his shovel which the plaintiff had theretofore borrowed, but that in truth he did not want to use that implement at all, but intended from the beginning to seduce and debauch the plaintiff's wife, and that the pretence that he wanted to use his shovel was fraudulently resorted to merely as a pretext to obtain plaintiff's consent to enter upon his premises.

The court sustained a demurrer to the reply. It is very clear that the *gravamen* of the action is trespass for forcibly breaking and entering the plaintiff's close. The averments relating to the defendant's improper conduct belong to the description of the trespass, and are only laid by way of aggravation of damages, and not as the ground of the action.

It was decided in England, more than a hundred years ago, that an action of trespass would lie where the defendant entered the plaintiff's house without leave, and debauched his daughter. *Bennett* v. *Allcott*, 2 T. R. 166. And in an early case, in Connecticut, it was held that an action of trespass for breaking and entering the plaintiff's house with intent to ravish the plaintiff's wife would lie, and that evidence that the latter was a lewd and abandoned character was not admissible in mitigation of damages. *Davenport* v. *Russell*, 3 Day, 145. In the case last cited it was said, in effect, that the breaking and entering the house were the ground of the action, and that the other acts done in pursuance of the unlawful intent not having been laid *per quod consortium amisit*

were merely descriptive, to show the nature and enormity of the trespass. The action being trespass, for breaking the plaintiff's close, " if the trespass fall to the ground, that which is a consequence must necessarily fall with it." Thus, it is said in *Rasor* v. *Qualls*, 4 Blackf. 286 : " In trespass for breaking and entering the plaintiff's house, debauching his daughter and getting her with child, *per quod servitium amisit*, if the defendant can justify the entering of the house, he defeats the action." *Taylor* v. *Cole*, 3 T. R. 292.

The answer shows leave and license from the plaintiff to go upon his premises, and was therefore sufficient.

As we have seen, the *gravamen* of the action being the breaking and entering the plaintiff's close, the defendant's lascivious conduct having been alleged merely by way of aggravation, the answer fully justified the entry by showing leave from the plaintiff. It was, therefore, incumbent on the plaintiff to new assign, by way of replication, such special matter as to make it appear, if he could, that the defendant was a trespasser *ab initio*, notwithstanding the license. *Taylor* v. *Cole, supra.* This he attempted to do.

One of the questions decided in *Six Carpenters' Case*, 8 Coke, 146*a*, 1 Smith's Leading Cases (9th ed.) 261, was that, " when entry, authority, or license is given to any one by the law, and he doth abuse it, he shall be a trespasser *ab initio* ; but where an entry, authority, or license is given by the party, and he abuses it, there he must be punished for his abuse, but shall not be a trespasser *ab initio*."

The defendant here entered in pursuance of express authority conferred by the plaintiff, and not under an authority conferred by law, and according to all the cases, when the plaintiff himself gives authority to enter upon his premises, or into his house, he can not, because the defendant exceeds or abuses his authority, convert that which was originally done under the sanction of his own license, into a trespass, but must seek his remedy for the acts done in excess of the authority by some other appropriate action. *Dingley* v.

*Buffum,* 57 Maine, 379; *Bradley* v. *Davis,* 14 Maine, 44; *Jewell* v. *Mahood,* 44 N. H. 474; *Smith* v. *Pierce,* 110 Mass. 35; Waterman Trespass, sections 790–791.

The reason for the rule is, that where the law has given an authority, it seems reasonable, in order to secure such persons as are the objects thereof, that it should make void everything done by the abuse of that authority, when it is abused, and leave the abuser in the same situation as if he had done everything without any authority. In the other case, where a man who was under no necessity of giving an authority does so, and the person receiving the authority abuses it, there is no reason why the law should interpose to make void everything done by such abuse, because it was the man's own folly to trust another with an authority who has shown himself not fit to be trusted therewith. Bacon's Abridgment, p. 451, title, "Trespass."

If either paragraph of the reply had stated facts sufficient to justify the conclusion that the license had been obtained by fraud or under a false pretence, we should have a different question. But while the pleader draws the conclusion that the defendant's representation that he desired to obtain his shovel which had theretofore been borrowed by the plaintiff, was fraudulent, there are no facts pleaded which justify the conclusion. It has often been declared that one who bases a right to relief upon fraud must distinctly aver and prove the facts necessary to establish the fraud, and that simply to characterize a transaction as fraudulent is not sufficient in a pleading. A false representation, in order to be available as a cause of action or defence, must relate to some existing or past fact, and not merely be a promise as to future conduct or intentions. *Richter* v. *Irwin,* 28 Ind. 26; *Fry* v. *Day,* 97 Ind. 348; *Caylor* v. *Roe,* 99 Ind. 1.

It does not appear that there was any misrepresentation concerning any existing or past fact which was untrue. The demurrer to the reply was properly sustained.

The court sustained a demurrer to the plaintiff's evidence.

Without further reference to the evidence, it is sufficient to say it distinctly appeared therein that the plaintiff had borrowed the defendant's shovel, and that the latter, being a neighbor, on intimate terms, entered upon the plaintiff's premises with his consent and authority to obtain possession of the borrowed utensil; indeed, such permission would have been implied from the relations which the parties occupied toward each other, without any affirmative evidence.

There was, therefore, no evidence from which an inference could have been drawn that the defendant was a trespasser in entering upon the plaintiff's land.

Judgment affirmed, with costs.

