Filed December 12, 1895.

---

No. 1,861.

## KEATON *v.* SNIDER, SR.

ACTION.—*Trespass.—Destruction of Growing Crop.—Jurisdiction.— County.*—An action for the destruction of growing corn on rented land, by cattle wrongfully permitted to go upon such land, is an action for trespass on real estate, the jurisdiction of which is in the county where the land is situated, instead of that in which the defendant resides.

From the Shelby Circuit Court.

*Hord & Adams*, for appellant.

*Adams & Carter*, for appellee.

DAVIS, J.—The record shows that the appellant owned a crop of corn cultivated by him on rented land in Hancock county; that while the corn was growing the appellee wrongfully permitted his cattle to enter upon the land and destroy the corn; that appellant sued appellee before a justice of the peace in Shelby county to recover the value of the corn destroyed. On

appeal to the circuit court a demurrer was sustained to the complaint. The only question presented on this appeal for our consideration is one of jurisdiction. If this is an action for trespass on real estate, the jurisdiction is in Hancock county. Section 308, R. S. 1894.

If it is an action for trespass to personal property the jurisdiction is in Shelby county. Sections 324, 1508, 1511, R. S. 1894.

The facts in relation to renting the land, description of the land, planting and cultivating the corn thereon are clearly and fully alleged. It is also expressly charged that the appellee wrongfully permitted his cattle to go upon the land and destroy the growing corn thereon, for the reasonable value of which he demands judgment.

Counsel for appellee, in support of their contention that the action is for trespass to real estate, cite the following authorities : Blackstone, Book 3, pp. 209, 211; Bacon Abridgment, Vol. 9, p. 484 ; Chitty Pleading, 16 Am. Ed., Vol. 1, p. 195 ; Washb. Real Property, Vol. 1, p. 3 ; *Turner* v. *Cool,* 23 Ind. 56 ; *Heavilon* v. *Heavilon,* 29 Ind. 509 ; R. S. 1894, sections 251, 288 and 1309 ; *Woodruff* v. *Adams,* 5 Blackf. 317 ; *Bennett* v. *McIntire,* 121 Ind. 231 (233); *Rucker* v. *McNeely,* 4 Blackf. 179 ; *Lathrop* v. *Rogers,* 1 Ind. 554 ; *Loeb* v. *Mathis,* 37 Ind. 306 ; *Indiana, etc., R. W. Co.* v. *Foster,* 107 Ind. 430 ; *Prichard* v. *Campbell,* 5 Ind. 494 ; *Owens* v. *Lewis,* 46 Ind. 488 ; *Rasor* v. *Qualls,* 4 Blackf. 286.

These authorities are not all in point on the question under consideration, but several of them sustain the proposition that where the breaking of the close is the gist of the action the trespass to the real estate is the initial wrong and the destruction of the growing crops

is dependent upon it and merely aggravates the damages.

Counsel for the appellant admit that if the charge of the complaint counts upon a trespass of the real estate in Hancock county then the action should have been brought in that county, but they contend that the trespass charged in the complaint was upon personal property, and that the action was therefore properly brought in Shelby county, at the township where the appellee resided.

In support of the proposition that growing corn must be considered and treated as personal property, counsel for appellant cite : *Northern* v. *State, ex rel.*, 1 Ind. 113; *Harvey* v. *Million*, 67 Ind. 90; *Bricker* v. *Hughes*, 4 Ind. 146 ; *Sherry* v. *Picken*, 10 Ind. 375 ; *Matlock* v. *Fry*, 15 Ind. 483 ; *Weatherly* v. *Higgins*, 6 Ind. 74; *Lindley* v. *Kelley*, 42 Ind. 294 ; *Barrett* v. *Choen*, 119 Ind. 56.

Assuming that the growing corn should be treated as personal property, the question yet remains, what is the gist of the action?

In *Prichard* v. *Campbell, supra*, the charge was that the defendants entered upon plaintiff's land, and with force took, carried away, and destroyed the corn standing in two fields.    As in this case the complaint did not seek to recover any damages except for the corn.    It was there held that the action was trespass for breaking and entering the close, which could only be brought in the county in which the premises are situated, and that their locality ought therefore to be proved as they are described.    In *Rasor* v. *Qualls, supra*, the first count in the declaration was for breaking the plaintiff's close and taking and carrying away a certain quantity of his grain.    It was there held that the ground of action contained in the first count was the

breaking and entering the plaintiff's close, and that the taking away the grain mentioned in the count belongs to the description of the trespass, and is only laid by way of aggravation.    See also *Bennett* v. *McIntire, supra.*

In *Prichard* v. *Campbell, supra,* the charge was that the defendants entered upon the land and forcibly took the corn.    In this case the charge is that the defendant wrongfully permitted his cattle to enter upon the land and destroy the corn.    If the gist of the action in the case last cited was the trespass on the real estate, we are not able to see how we could hold in this case that the gist of the action is the trespass to personal property. Following the decision in that case, we are constrained to hold that the trial court did not err in sustaining the demurrer to the complaint on the ground that the court had no jurisdiction of the subject-matter of the action.

Judgment affirmed.

Filed December 12, 1895.