## ASHCRAFT ET AL. *v.* KNOBLOCK.

[No. 17,775.    Filed November 5, 1896.]

TRESPASS.— *Joint Action. — Joint Recovery. —* A plaintiff who sues several persons as joint trespassers has no right to any other than a joint recovery where the form of the issue is not modified by a severance of the answers.  *p. 173.*

SAME.— *Joint-Tort-Feasors.— Separate Judgments. — Plaintiff has but One Execution.—*Where a plaintiff has obtained several judg-

ments for joint trespass, he can have but one execution, and such execution, or order for it, discharges all others.  *p. 175.*

From the St. Joseph Circuit Court.  *Affirmed.*

*Baker & Miller,* and *F. J. L. Meyer,* for appellants.

*Andrew Anderson,* for appellee.

HACKNEY, J.—This was a suit by the appellee, Knoblock, against the appellants, Ashcraft and Ward, to enjoin the enforcement of an execution, from the Elkhart Circuit Court, in favor of Ashcraft, and held by Ward as the sheriff of St. Joseph county.  The amended complaint was drawn upon the theory that the judgment upon which such execution had issued had been rendered in an action of trespass against Knoblock, Weaver and Hogan jointly, in which they had defended jointly, and in which the damages had been awarded and judgment rendered for one sum against Knoblock, and for another sum against Weaver and Hogan, upon a finding that such three defendants were guilty of a joint trespass and, further, that Weaver and Hogan had paid the judgment so rendered against them, thereby compensating for the joint trespass, and, in legal effect, discharging the entire liability, including that against Knoblock.

To the amended complaint a demurrer of the appellants for the want of sufficient facts was overruled, and the appellants answered in two paragraphs, the first being a general denial, and the second, setting up the pleadings in the action for trespass, including a complaint, an answer in two paragraphs and a reply in denial; also the instructions of the court, the verdict of the jury and certain facts seeking to show that the trespass was upon separate pieces of property; that the alleged trespassers had, upon the trial, severed in their defense; that the court had tried the

case by the admission of evidence and its instructions to the jury, upon the theory that it embraced several trespasses defended separately and by the defendants severally. Facts were pleaded also to the effect that the defendants had not, by motion or other means, objected or excepted to the severance of the damages by the instructions of the court, the verdict of the jury and the judgment rendered. The appellee replied in denial of the answer, and upon a trial a decree was rendered in favor of the appellee, enjoining the enforcement of said execution, and the appellant Ashcraft was directed to cause the judgment against the appellee to be receipted as satisfied.

Two errors are assigned in this court, the action of the court in overruling the demurrer to the complaint and the overruling of a motion for a new trial.

The pleadings in the action for trespass, as set out in the answer in this case, showed an action against Knoblock, Hogan and Weaver jointly, charging them with breaking and entering the Reynolds House, a hotel occupied by Sarah A. Ashcraft, and in ejecting her from said hotel, by removing her furniture and fixtures therefrom and in breaking and injuring certain of such furniture; that said hotel consisted of Nos. 114 and 116 South Michigan street, in the city of South Bend, and which No. 114, it was alleged Mrs. Ashcraft held as Knoblock's tenant. The answer was joint as to all of the defendants to said action, and the second paragraph denied the tenancy of Mrs. Ashcraft, and justified the entry of No. 114 and the removal of the furniture and fixtures therefrom under a writ of restitution, in the hands of Hogan, as constable, and Weaver, as his deputy, issued upon a judgment in favor of Knoblock and against Chauncey E. Ashcraft, husband of the appellant. The acts alleged to have constituted the trespass, it was averred, were

committed on the 17th, 18th and 19th days of March, 1892, without severance, as to parties, with reference to the two numbers, and the answer did not seek to distinguish, as to time, between those acts affecting the furniture in No. 114 and that in No. 116. In our opinion there was no possibility, upon the pleadings in that case, of regarding the action or the defense as separate with reference to parties, time or property.

Upon the trial of this case the court admitted evidence tending to show that in the trespass case the court had admitted evidence and had instructed the jury upon the theory that the trespass was upon different pieces of property, at different times, and that Knoblock was not a participant, so far as the trespass upon No. 116 was concerned. But, it is manifest from the result of the trial in this case that the court was not controlled by such evidence.

Counsel for the appellant say: "We admit that where a suit is against several joint wrongdoers as to one wrong, the judgment must be for a single sum assessed against all of the parties found responsible, and further, that the principle of severance does not apply to the award of damages, and no apportionment of damages can be made, although all of the defendants may not be equally culpable, and we are aware of the fact that hundreds of decisions can be found in support of this doctrine, but we insist that no case can be found where distinct and separate trespasses are committed by different defendants at different times, that damages cannot be assessed against the defendants separately and the amount of the plaintiff's damages apportioned." Besides the concession in this statement, appellants' counsel do not controvert the proposition of the appellee that the payment by one of several joint-tort-feasors of all, or such portion of the damages as will discharge him who makes the pay-

ment, will work the discharge from liability of all who may have been so jointly liable.

One question, therefore, and the most important question in this case, is as to whether the payment of the several judgments against Weaver and Hogan was the payment of a joint liability as to the three trespassers. This question turns principally upon the inquiry as to whether separate judgments were authorized. Upon the pleadings, as we have seen, they were not authorized. The theory of a case must be determined from the pleadings. *Bremmerman* v. *Jennings*, 101 Ind. 253; *Hasselman* v. *Carroll*, 102 Ind. 153; *Brown* v. *Will*, 103 Ind. 71; *Armacost, Admr.*, v. *Lindley, Admr.*, 116 Ind. 295; *Shirk* v. *Mitchell*, 137 Ind. 185; *Terre Haute, etc., R. R. Co.* v. *McCorkle*, 140 Ind. 613.

Whatever may be the rule as to several recoveries, where the issue presents several liabilities, it cannot be admissible to present the issue of a joint liability against a number and to recover against them severally. This does not, of course, deny the statutory rule that where a number are sued a recovery may be had against one or against some jointly, when others may be found not guilty. *Everroad* v. *Gabbert*, 83 Ind. 489.

But the appellant, having presented the issue that Knoblock, Hogan and Weaver, by joint trespass, had become liable to her in damages, and that form of the issue not having been changed or modified by a severance in the answers, she had no right to any other than a joint recovery, unless her action had failed as to some two of the defendants.

It cannot be that upon a joint issue as to a single trespass the questions may be tried as to numerous trespasses by the defendants severally. If such inquiries could be made the office of the pleadings would fail, and one injured by several trespasses, committed at various times, by persons having no con-

nection therein, could unite such trespasses in one suit, as for one trespass, and they, defending that alleged trespass jointly, could be severally mulct for the trespasses by them so severally committed. Surely no such procedure could be tolerated under our code. It is quite enough to say that if several are sued, some may be acquitted and a judgment rendered against the one or more found guilty, unless, possibly, the principle of severance is authorized by some pleading on behalf of the defendants. In this case it is clear that the issue raised by the pleadings was joint as to parties and related to an alleged single trespass. But the appellants' learned counsel urge that they were permitted to prove separate trespasses, one of which Knoblock was guilty and one of which Hogan and Weaver were guilty, and that, therefore, no different verdict and judgment were possible. If this were true it would not prove that the appellants' unauthorized procedure should place her in a better situation than if her recovery had been authorized by the issues. See Cooley on Torts, p. 136; 2 Hilliard on Torts, 267; *Everroad* v. *Gabbert, supra; Prichard* v. *Campbell,* 5 Ind. 494; *Carney* v. *Reed,* 11 Ind. 417.

At most, it can only be said that in a suit against joint-tort-feasors the plaintiff obtained several judgments, and that having done so she then received from some of such joint-tort-feasors the full satisfaction of their liability.

It is the settled law that there can be but one satisfaction from joint-tort-feasors. *Blann* v. *Crocheron,* 20 Ala. 320; *Fields* v. *Law,* 2 Root (Conn.) 320; *Snider* v. *Croy,* 2 Johns. 227; *Gunther* v. *Lee,* 45 Md. 60, s. c. 24 Am. Rep. 504; *Breslin* v. *Peck,* 38 Hun. 623; *Livingston* v. *Bishop,* 1 Johns. 290, 3 Am. Dec. 330; *Thomas* v. *Rumsey,* 6 Johns. 26; *Mitchell* v. *Allen,* 25 Hun. 543, 26 Am. and Eng. Ency. of Law, pp. 682,

683, and notes; *Fleming* v. *McDonald*, 50 Ind. 278, 19 Am. Rep. 711.

The rule sustained by the holdings in this and other states is, that having obtained several judgments for joint trespass the plaintiff can have but one execution, and such execution, or an order for it, discharges all others. *Allen* v. *Wheatley*, 3 Blackf. 332; *Davis* v. *Scott*, 1 Blackf. 169; *Fitzgerald* v. *Smith*, 1 Ind. 310; *Prichard* v. *Campbell, supra;* *Snodgrass* v. *Hunt*, 15 Ind. 274; *Fleming* v. *McDonald; supra; Everroad* v. *Gabbert, supra.*

In the last cited case the following is quoted with approval: "If, however, a jury should return a joint verdict of guilty against more than one defendant, and assess several damages, it is not such an irregularity as will necessarily avoid the verdict; it is optional with the plaintiff to have a *venire de novo*, or to cure the irregularity by entering a *nolle prosequi* against all but one of the defendants, whom he may elect to charge with the damages assessed by the jury against that defendant." See *Layman* v. *Hendrix*, 1 Ala. 212; *Halsey* v. *Woodruff*, 9 Pick. 555; *Beal* v. *Finch*, 11 N. Y. 128; *Fleming* v. *McDonald, supra; Prichard* v. *Campbell, supra.*

It will be seen, therefore, that it was for the appellant to take some action to avoid the severance of the damages, and that having failed to do so, and having accepted payment from Hogan and Weaver, she elected to waive the liability of Knoblock. She could not thereafter enforce, by execution, the judgment against Knoblock. The question here is not whether injunction may issue to restrain the irregular judgment, but it is as to whether the enforcement of a judgment which, in legal contemplation, has been satisfied can be enjoined. Of course it can.

One question suggested by appellants' learned coun-

sel is, that the St. Joseph Circuit Court has no jurisdiction to restrain the process of the Elkhart Circuit Court. The jurisdiction here exercised is in enjoining the officer of St. Joseph county and a citizen of St. Joseph county from enforcing against a citizen of St. Joseph county a judgment debt which has been satisfied. That this may be done is not in doubt.

In our opinion there is no available error in the record, and the judgment of the circuit court is affirmed.

HOWARD, J., did not participate in the decision of this case.