REED *v.* SHAW and Another.

REED v. SHAW.

A covenant by an obligee not to sue the obligor at all, may be pleaded as a release; but if it appear to have been executed by an agent, his authority must be proved.

Wednesday, May 7.

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—This was an action of debt on several sealed notes for the payment of money. The defendant below, plaintiff in error, pleaded a release, and accord and satisfaction; upon which issues were joined. Verdict and judgment for the plaintiffs below. The defendant sues out this writ of error.

In support of his defence, the defendant below gave in evidence a mortgage, executed by him as a security for the debt; in which it is stated, that the plaintiffs, by their agents *M'Gill* and *Croxall*, agreed they would not sue on the notes. Upon that evidence, the defendant moved the Court to instruct the jury, that the agreement contained in the mortgage amounted to a release, by the plaintiffs, of the notes on which the suit was founded. This instruction was refused, and that is the error assigned.

There is no question, but that where the obligee covenants not to sue at all, the covenant may be pleaded as a release, to avoid a circuity of action. 2 Will. Saund. 48, note (1). But there is no proof that the plaintiffs entered into any such covenant in the case before us. Independently of every other consideration, no evidence appears in the record to have been produced at the trial, of any authority to *M'Gill* and *Croxall* to make any agreement whatever for the plaintiffs; nor that they ever recognized, or in any way sanctioned, the covenant relied on by the defendant as a release. Under these circumstances, the defendant had no right to call upon the Circuit Court to instruct the jury, that this agreement of *M'Gill* and *Croxall*, as stated in the mortgage, amounted to a release of these notes by the plaintiffs.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Nelson* and *Caswell*, for the plaintiff.

*Howk*, for the defendants.

(1) But if the covenant be only not to sue *for a certain time*, it has not the effect of a release, and is no bar to a suit within the time. In that case, the

May Term,   defendant sued is left to his action for the breach of covenant. 2 Will. Saund.,
  **1823.**    cited in the text. *Chandler* v. *Herrick*, 19 Johns. R. 129.  So, where two are
───────────  bound *jointly and severally*, a covenant not to sue one does not amount to a re-
  EVANS      lease, and cannot be pleaded in bar of an action against the other.  *Lacy* v.
   v.        *Kynaston*, 12 Mod. 548, 551.—*Dean* v. *Newhall*, 8 T. R. 168.—2 Will. Saund.
GOODLET.    supra.—*Rowley* v. *Stoddard*, 7 Johns. R. 207.—*Ward* v. *Johnson*, 6 Munf. 6.—
            *Tuckerman* v. *Newhall*, 17 Mass. 581.  So, where two are bound *jointly* only,
            a covenant not to sue one has not the effect of a release, and is not a bar to an
            action against both.    *Hutton* v. *Eyre*, 6 Taunt. 289.—*Lane* v. *Owings*, 3 Bibb,
            247.  Both must be sued to avoid a plea in abatement, but if judgment be en-
            forced against the one whom the plaintiff had agreed not to sue, that defend-
            ant has a remedy on the covenant.  Gow on Part. 230, 231.

                A *release*, however, to one of several *joint*, or *joint and several* obligors, dis-
            charges the others, and may be pleaded in bar by all. 2 Will. Saund. supra.—
            *Rowley* v. *Stoddard*, supra.—*Willings* v. *Consequa*, Peters' C. R. 301.—*Tuck-
            erman* v. *Newhall*, supra.—*Hunt* v. *Rousmaniere's adm'r*, 1 Peters, 1, 16.  But
            *if the release* be qualified, not absolute, its effect will be limited accordingly;
            as is shown by the following case:  A release was given to one of two partners,
            with a proviso that it should not operate to deprive the plaintiff of any reme-
            dy which he otherwise would have against the other partner; and that he
            might, notwithstanding the release, sue them jointly.  A joint action having
            been commenced, the party released pleaded the release, to which the plaintiff
            replied, that he had sued him only in order to recover against the other; and, on
            demurrer, the replication was held good.   *Solly* v. *Forbes et al.* 2 Brod. & Bing.
            38.   This case is cited with approbation by *Bayley* J. in *Twopenny et al.* v.
            *Young*, 3 Barn. & Cress. 208.

                Vide, on the subject of this note, 1 Evans' Poth. 355, note a ; 2 ib. 59, & seq.