*Nov. Term, 1852.*

HARVEY
v.
HARVEY.

---

HARVEY *v.* HARVEY and Another.

Trespass for an assault and battery. Plea, that the trespasses were of and concerning the children of the plaintiff, and that after the committing of the trespasses, and before the commencement of the suit, the plaintiff released all causes of action against the defendants by reason of the trespasses, &c.—setting out the instrument of release. The instrument, which related to the children, contained a covenant in which the plaintiff bound herself " to stop all proceedings in law now and hereafter against" the defendants and to let one of the defendants, named therein, have the children whenever he called for them. *Held,* upon demurrer to the plea, that the covenant amounted to a covenant never to sue the defendants for the trespasses complained of.

A covenant never to sue amounts to a release, and is a bar to a subsequent suit.

Nov. Term,
1852.

HARVEY
v.
HARVEY.

Tuesday,
November 23.

ERROR to the *Monroe* Circuit Court.

BLACKFORD, J.—This was an action for an assault and battery brought by *Cassandra Harvey* against *William* and *Maston Harvey*. There are several pleas, the third of which is to the following effect:

The defendants say *actio non*, because they say that, after the committing of said trespass, and before the commencement of this suit, to-wit, on, &c., at, &c., the plaintiff made her writing obligatory, with *Davis Meek* and *Thomas J. Richards*, which writing is as follows:

Know all men by these presents, that we, *Cassandra J. Harvey, Davis Meek,* and *Thomas J. Richards,* of, &c., are held and firmly bound to *William Harvey,* of, &c., in the sum of, &c.

The condition of the above obligation is such, that if said obligors (naming them) fulfill the specifications herein described, that is, during the minorship (minority) of the children of the said *William* and *Cassandra Harvey* (naming them)—specification first, said *Cassandra* binds herself not to run said children away or seclude them from him; that said *William Harvey* is to have access and communication with said children during their stay with her, said *Cassandra;* and she further binds herself to stop all proceedings in law now and hereafter against *William* and *Maston Harvey;* and she doth further bind herself to let him, said *William,* have said children when he calls for them—then this obligation to be void, else to remain in full force, &c.

By which writing, she, the plaintiff, did remise, release, and forever discharge all rights and causes of action which she then had against said defendants by reason of said several trespasses in said declaration mentioned; which trespasses, the defendants aver, were of and concerning the children of the plaintiff. Wherefore, &c.

There was a demurrer to this plea, assigning for cause that the bond shown was no release of the trespass.

Judgment, on the demurrer, for the defendants.

Whether said third plea is valid or not is the only question in the cause.

Nov. Term,
1852.

It is contended that the bond recited in this plea, contains a covenant never to sue for the trespass. The bond was evidently written by an illiterate person, and we have to look more to the spirit than the letter to get at its meaning. The bond shows that there had been a dispute between the plaintiff and *William Harvey* about their children, and the plea avers that the trespass sued for was concerning the plaintiff's children. When, therefore, the plaintiff, by said bond, binds herself to stop all proceedings in law, now and hereafter, against *William* and *Maston Harvey*, and further binds herself to let said *William* have said children when he calls for them, she may be considered to mean that she would never sue said *William* and *Maston* for said trespass, which, the plea avers, was concerning her children. The language is by no means clear; but taking the whole bond together, with said averment in the plea, and applying to the bond the maxim *verba chartarum fortius accipiuntur proferentem*, we think the plaintiff's meaning is as we have stated it.

Considering the covenant in question, therefore, as a covenant never to sue, it amounts to a release and is a bar to the suit. *Reed* v. *Shaw et al.*, 1 Blackf. 245.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts*, for the plaintiff.

*C. Dewey*, for the defendants.