## RAMOT v. SCHOTENFELS.

1. PROMISSORY NOTE: INDEFINITE TIME OF PAYMENT. After the maturity of a promissory note the parties made and indorsed thereon the following agreement: "Renewed for an indefinite time at ten dollars interest per month, and the whole amount then to pay when both parties may agree." *Held,* that the agreement could not be construed as a covenant never to sue, but was a renewal without fixing a definite time of payment; and that the note became due and payable at its date, or at least within a reasonable time thereafter.

*Appeal from Polk District Court.*

TUESDAY, JANUARY 5.

PLAINTIFF and one Herman owned a tract of land, which was sold, and the entire consideration received by Herman. Herman resided in Polk, and plaintiff in Johnson County. The portion belonging to plaintiff, Herman desired to transmit to Iowa City. Defendant offered to pay it there, through his brother, with whom he represented he was in partnership. The money was delivered to defendant, who executed his promissory note to Herman's order, and he (being a German and but little acquainted with business), received it as a draft payable at Iowa City. At the same time defendant executed a receipt showing that he had borrowed this money, was to pay it in thirty days, and for that " purpose had handed him a draft, &c." This note was not paid, but being returned by plaintiff, Herman and defendant made and signed on the back thereof this agreement (in German):

" Renewed for an indefinite time at ten dollars interest per month, and the whole amount then to pay when both parties may agree."

The note was indorsed to plaintiff, and he brings this suit, counting upon the note for money had and received, and upon the special circumstances. Defendant relies upon this agreement of renewal in bar of the action. Trial and judgment for plaintiff, and defendant appeals.

*Casady & Polk* for the appellant.

If the agreement leaves it optional with the defendant to pay or not, it is in effect an agreement not to sue, and is a bar to a recovery on the note. 1 Pars. Cont., 28; 1 Bouv. Inst., 67; 2 Id., 306; *Perkins* v. *Gilman*, 8 Pick., 229; *Chandler* v. *Herrick*, 19 John., 129; *Winans* v. *Huston*, 6

Wend., 472; *Reed* v. *Shaw*, 1 Blackf., 245; *Harvey* v. *Harvey*, 3 Ind., 473.

*C. C. Cole* for the appellee.

WRIGHT, Ch. J.—The note is dated October 19th, 1857, and the agreement relied upon by defendant, was made December 9, 1857. If this defense is to avail, it is upon the principle that it is a covenant never to sue, that if not technically equivalent to, it at least operates as a release, and may be so treated, and allowed to avoid circuity of actions. To give it this character, however, it must be a covenant never to sue. If not of this nature it cannot be treated as a release, nor pleaded in bar of the action. And we have found no case that would hold this to be an agreement never to sue upon this note. It is, at most, but a stipulation equivalent to an agreement not to sue for a limited time, which has never been construed as a release, but for a breach thereof the injured party is remitted to his damages, more or less, according to circumstances. This agreement, instead of being a covenant " not to sue at all," in the language of one of the cases, *Reed* v. *Shaw*, 1 Blackf., 245, or to " stop all proceedings in law, now or hereafter, *Harvey* v. *Same*, 3 Ind., 473, or " not to sue without limitation of time," *Drew* v. *Jeffries*, Cro. Eliz., 352; *Winans* v. *Huston*, 6 Wend., 472; or " never to sue the obligor," *Chandler* v. *Herrick*, 19 John., 129, is but a " renewal," without fixing definitely the day of payment.

The presumption is, that the parties intended to act fairly and honestly. It is our duty to arrive at their intention by looking at the words of the agreement. To treat it as a discharge or release, is manifestly repugnant to such intent, and therefore, should not be implied. *Aloff* v. *Scrimshaw*, 2 Salk., 593. If there was an intention to release, why stipulate for a rate of interest, maturing and

payable in the future? Then, again, the words "renewed," "and the whole amount then to pay," show unmistakably that the parties regarded the liability as subsisting and continuing, and not as discharged or released.

We have suggested that this is at most, but an agreement not to sue for a limited time. The more satisfactory view, however, is, that as it fixes no time of payment, it was due and payable at its date, or at least within a reasonable time.

In *Brannin* v. *Henderson*, 12 B. Monr., 61, Henderson accepted an order in these words: "I will see the within paid eventually." This was held to be an undertaking to pay forthwith, Judge HISE, who prepared the opinion, remarking "that the only certain and sure way by which the acceptor can ever expect to see the amount of the order paid is to pay it himself, and thus, like some other prophets in the world, produce by his own action the verification of his own prediction."

Haggin undertook to purchase for Williamson, a house and lot, and until he made such purchase, "*in which I am not to be hastened,*" he was to furnish her a dwelling, &c. In a suit for a breach of this agreement, it was held that Haggin might be "hastened," and could not have his lifetime to make the purchase of the house. 5 Monr., 9.

In this case we think if defendant has not been brought voluntarily to an agreeing mind, he may be judicially "hastened" to that conclusion.

Affirmed.