Filed November 19, 1895.

No. 1,892.

## MILHOLLIN ET AL. *v.* SHARP ET AL.

From the Delaware Circuit Court.

*R. S. Gregory, A. C. Silverburg* and *G. W. Cromer*, for appellants.

*W. W. Orr* and *Warner & Brady*, for appellees.

GAVIN, J.—Appellees sued appellants to recover damages for a breach of warranty of a stallion sold by appellants to appellees. The complaint alleged a sale, the warranty, the breach and consequent damage. The only answer was a general denial.

The sole question argued relates to the sufficiency of the evidence. By this, although flatly contradicted, appellees proved most directly and explicitly the sale, the warranty, its breach and damage, thus covering all the material averments of the complaint. Appellants' counsel, however, insist that there is a "failure of proof," a "fatal variance" and an entire departure from the theory of the complaint, because the evidence also develops that appellants had previously purchased the horse under a warranty from Powell Bros., with whom

appellees made an arrangement by which Powell Bros. took back a half interest in the horse and gave appellees a half interest in another horse. By this arrangement appellants and Powell Bros. claimed appellees released and satisfied all claims to damages by reason of any breach of warranty. While appellees asserted that this arrangement was made at appellants' suggestion, with the understanding that it should release them from one-half the damages, but that they should remain liable for the other half. The verdict resulted apparently in giving appellants the benefit of this release as to one-half and holding them for the other.

We are wholly unable to see any failure of proof or departure from the theory of the complaint. Appellant seems really to have fared better than the issues authorized. If, in fact, appellees released one-half or all the claim, such release should have been pleaded. It was not strictly available under the general denial, being matter in confession and avoidance. *Crum* v. *Yundt*, 12 Ind. App. 308.

An enforcement of strict rules of pleading might well have deprived appellants of that which they did obtain. We are of opinion that they have no cause for complaint.

Judgment affirmed.

LOTZ, J., did not participate in the decision of this cause.

