SCHRAMM v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1898.)

RELEASE OF JOINT TORT FEASOR—EFFECT.

Plaintiff sued two joint tort feasors for damages. Before the action was tried, plaintiff agreed with one of the defendants that if he recovered a judgment against both he would enforce it solely against the other defendant, and on its collection would cancel the lien against the former, in consideration of an agreement by said defendant not to enforce any judgment for costs obtained on a dismissal of the complaint. *Held*, that the agreement did not release from liability the defendant not a party thereto, since there was no satisfaction of plaintiff's claim.

Appeal from special term, Kings county.

Action by Adolf S. B. Schramm against the Brooklyn Heights Railroad Company and another. Judgment for plaintiff. From an order denying the motion of the railroad company to compel plaintiff to satisfy the judgment, it appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.

James C. Cropsey, for respondent.

CULLEN, J. The plaintiff was injured in a collision between a car of the railroad company and a cart of the ice company. For that injury he brought an action against both companies. While the action was pending, the attorneys for the plaintiff and the defendant the ice company entered into the following stipulation:

"It is hereby stipulated and agreed by and between the attorney for the plaintiff and the attorneys for the defendant Consolidated Ice Company that, if the plaintiff recovers a judgment herein against both the Brooklyn Heights Railroad Company and the Consolidated Ice Company, he will not enforce the same against the Consolidated Ice Company, but solely against the Brooklyn Heights Railroad Company, and will deliver a satisfaction piece to the Consolidated Ice Company upon the collection of the amount of the judgment from the other defendant, and will, upon demand at any time, sign a consent for the cancellation of the lien of any such judgment as to any real property of the Consolidated Ice Company; and in consideration thereof the attorneys for the defendant the Consolidated Ice Company stipulate and agree that, if the complaint is dismissed as to the said ice company, or if a verdict is rendered in its favor, that they, in either of said events, will not enforce the judgment which they may obtain thereon for costs against the plaintiff herein."

Subsequently the action was tried, and a verdict rendered against both defendants, upon which judgment was entered. This stipulation coming to the knowledge of the railroad company, that defendant moved at special term to compel plaintiff to satisfy the judgment against it obtained by the plaintiff. From an order denying the application this appeal is taken.

A release of one of several joint tort feasors will discharge all, but to effect this result the instrument must be a technical release under seal. Irvine v. Millbank, 56 N. Y. 635; Morgan v. Smith, 70 N. Y. 537. The

appellant contends that the plaintiff could not do indirectly what he could not do directly. The reverse of this proposition is true. The plaintiff may practically discharge one of several joint tort feasors without losing his claim against the others, if he does it in the right way. Miller v. Fenton, 11 Paige, 18; Pond v. Williams, 1 Gray, 630. The rule that a release under seal conclusively establishes satisfaction of the claim is entirely technical, and technicality has been employed to avoid the effect of the rule; hence we have covenants not to sue, etc., which do not operate as releases except in favor of the party to whom they are given. Though the plaintiff might recover and collect his full damages from either party, he can have but one satisfaction, and a satisfaction by one tort feasor discharges the rest. The plaintiff's claim in this case being unliquidated, any sum received in settlement would operate as a satisfaction. This is the ground on which the decision in Mitchell v. Allen, 25 Hun, 543, proceeded. But there has been no satisfaction in this case. The plaintiff received no consideration for his agreement except the agreement of the defendant ice company, in case of success on its part, not to collect costs from the plaintiff. This was in no sense a payment in satisfaction of the plaintiff's claim. In fact, the stipulation in this case is not an absolute agreement to refrain from prosecuting the ice company. If the verdict had been in favor of the railroad company and against the ice company, under the stipulation the plaintiff would have had the right to collect the full amount of the judgment from the latter company. In Barrett v. Railroad Co., 45 N. Y. 628, the plaintiff discontinued the action as against one of the defendants, and received the costs as a condition for discontinuing. This was held not to be a release of that defendant so as to operate as a discharge of its co-defendant. The case is much stronger than the one now before us. No wrong has been inflicted upon the appellant by the plaintiff's action, for the plaintiff had the right to collect his full damages from that defendant and let its co-defendant go free. Any hardship under which the appellant suffers is the result of the law which forbids contribution in the case of joint tort feasors.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.