## PARRY MANUFACTURING COMPANY v. CRULL.

[No. 7,923. Filed May 9, 1913. Rehearing denied June 28 1913. Transfer denied April 10, 1914.]

1. TORTS.—*Joint and Several Liability.—Election.—Apportionment.* —Joint tortfeasors are jointly and severally liable for the entire damage occasioned by their joint act, and the injured party may seek his remedy against one alone, or more than one, or all at his election, and the courts will not attempt to apportion the damage among the joint wrongdoers. p. 80.

2. TORTS.—*Joint and Several Liability.—Satisfaction.*—There can be but one recompense for a single injury, and if the injured party receives satisfaction from one joint tortfeasor it inures to the benefit of all and they are thereby released. p. 81.

3. RELEASE.— *Joint Tortfeasors.*— Although the release of one's claim for damages as to one of several joint tortfeasors bars a subsequent assertion of the claim against the others, an agreement or covenant not to sue one of the joint wrongdoers amounts merely to a release of the one in whose favor it is made and is not a release of the claim as to the others. p. 81.

4. RELEASE. — *Joint Tortfeasors. — Covenant Not to Sue. —Satisfaction Pro Tanto.*—Where the agreement entered into by an injured party with one of two joint tortfeasors, under which a certain amount was paid on account of the injuries, specially provided that the amount paid was only a partial satisfaction, the other tortfeasor was not released as to the residue of the damage, and the payment made was merely a satisfaction *pro tanto* as to him. p. 83.

5. APPEAL.—*Review.—Denial of Motion for Judgment on Answers to Interrogatories.*—Where, in an action for personal injuries, the facts found by the jury's answers to interrogatories were such that the court cannot say as a matter of law that plaintiff was guilty of contributory negligence, the general verdict for plaintiff was conclusive on that question and the motion for judgment *non obstante* was properly denied. p. 85.

6. APPEAL. — *Briefs. — Sufficiency. — Objection to Instructions. —* Where appellant complains only of certain of the instructions given, he need not set out all of the instructions in his brief, but only those as to which error is urged, since it is sufficient for an appellant to point out error and the duty of showing its harmless effect is on appellee. *(Southern Ind. R. Co.* v. *Drennen* [1909], 44 Ind. App. 14, regarded overruled.) p. 85.

7. NEGLIGENCE.—*Personal Injuries.—Assumption of Risk.*—The doctrine of assumption of risk is not applicable in an action for personal injuries where no contractual relation existed between the parties at the time of the injury. p. 86.

8. TORTS. — *Actions. — Instructions. — Damages. —* In an action against one of two joint tortfeasors, where plaintiff had received a partial settlement of his claim from the other, instructions directing the jury to consider the evidence upon certain enumerated elements of damage and to award plaintiff such amount as under the evidence would compensate him for his injury, and that if plaintiff had received a partial settlement from the other tortfeasor that fact might be considered in fixing the amount of damages, though not directing the jury to deduct the amount received by plaintiff after ascertaining the amount of his damages, were not erroneous in view of the fact that no answer was filed alleging the settlement with defendant's joint tortfeasor as a partial defense. p. 87.

From Superior Court of Marion County (18,279); *Vinson Carter,* Judge.

Action by Abner D. Crull against the Parry Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Wymond J. Beckett* and *Elliott & Elliott,* for appellee.

Lairy, J.—Appellee recovered a judgment in the lower court for personal injuries sustained by coming in contact with a post which was one of the supports of a coal bin maintained by appellant near a private switch upon which he was engaged in switching freight cars while in the employ of the belt railroad. The complaint was in one paragraph. Defendant answered by a general denial and also filed a second paragraph of answer to which a demurrer for want of facts was sustained. This ruling presents the first question for our consideration.

The second paragraph of answer proceeds upon the theory that appellant and the belt railroad were liable, if at all, as joint tortfeasors, and that after appellee received his injury he made a claim against the belt railroad for damages growing out of the same injury, and that it compromised the claim and paid to him the sum of $2,000 in cash which he received and still retains. The answer avers that, for the purpose of evidencing and accomplishing such transaction, the plaintiff and the railroad company entered into an agreement which is set out in the answer and is as follows:

"Whereas on March 2, 1909, Abner D. Crull, the undersigned, now 63 years of age, was in the employ of the Indianapolis Union Railway Company as a brakeman, and at about noon on said day was working in the line of his duty on track No. 9, known as the north track, at the coal bin of Parry Manufacturing Company's plant in the city of Indianapolis, Indiana, and while standing on the step of a coal car that was being

switched, was caught between a post in the coal bin near said track, and the coal car on which he was standing and was seriously injured, sustaining a fracture of the left collar bone, bruises about the left hip, injury to the nervous system, especially to the left sciatic nerve and was otherwise injured in his person, which injuries he claims are permanent; and whereas the undersigned, said Crull, claims that said injuries were caused by the negligence of said Indianapolis Union Railway Company and of other persons and corporations and without his fault, and has demanded compensation for said injuries in a sum greater than hereafter mentioned as paid, and said Indianapolis Union Railway Company denies that it or any of its servants are guilty of any negligence whatever in the premises, but nevertheless, it being the desire of said Abner D. Crull, and said Indianapolis Union Railway Company to avoid litigation between them and the expenses thereof on account of said dispute and forever set at rest the differences so existing between them, but in such way that such settlement shall not impair or affect the claim of said Crull against any person or corporation other than said railway company for negligently causing or helping to cause the said injury, now therefore, in consideration of the premises and of the sum of two thousand ($2,000) dollars to him in hand paid by the said Indianapolis Railway Company, the receipt of which he hereby acknowledges, the undersigned the said Abner D. Crull, hereby covenants and agrees for himself, his executor or executors, administrator or administrators, respectively to and with the said Indianapolis Union Railway Company that neither he, they, nor any of them will ever sue or bring any action to be brought against said Indianapolis Union Railway Company, on account of injuries and damage to him occasioned by or growing out of the accident above described. In witness whereof,'' etc.

The exact question presented by the demurrer to this paragraph of answer has never been passed upon by, either of the courts of appeal of this State. It is well settled that joint tortfeasors are jointly and severally liable for the entire damage occasioned by their joint wrongful act. The injured party may seek his remedy against one alone, or more than one, or all at his election,

and the courts will not attempt to apportion the damage among the joint wrongdoers. It is equally well

2. settled that there can be but one recompense for a single injury. If the injured party receives a satisfaction from one who is liable for the entire damage, it inures to the benefit of all who are jointly and severally liable and all are thereby released. *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485, 131 Am. St. 258; *Fleming* v. *McDonald* (1875), 50 Ind. 278, 19 Am. Rep. 711; *Ashcraft* v. *Knoblock* (1896), 146 Ind. 169, 45 N. E. 69.

If the second paragraph of answer shows a satisfaction and release of appellee's claim for damages by the railroad company, such release would inure to the benefit of appellant and the answer must be held sufficient; but it is claimed on behalf of appellee that this paragraph of answer does not show either a satisfaction of the demand or a release of the claim, but on the contrary that it shows that the demand was only partially satisfied and that it purports to be simply a covenant or agreement not to sue the railroad company.

If the injured party released his claim for damages

3. as to one of several joint tortfeasors, he cannot afterward assert a claim against the others for the reason that he has parted with his claim by releasing it, and he has no claim to assert. So, likewise, if he has received from one joint tortfeasor full satisfaction of his claim or that which he has agreed to accept as full satisfaction, he cannot afterward assert a claim against the others or any of them, for the reason that his claim has been satisfied. The rule should be no broader than the reason upon which it rests, and so, where the claim is not released and full satisfaction has not been made, it does not apply. It is argued on behalf of appellant that an agreement or a covenant not to sue one of the joint wrongdoers amounts to a release as to him, and that a release of one is a release of all. It has been held that such a covenant amounts to a release of the one in whose favor it

is made.  *Harvey* v. *Harvey* (1852), 3 Ind. 473; *Eagle Ins. Co.* v. *Lafayette Ins. Co.* (1857), 9 Ind. 443; *Reed* v. *Shaw* (1823), 1 Blackf. *245.  The argument advanced and the cases cited in its support would have much force if it were true that a release of one joint tortfeasor would have the effect to release all, but such is not the rule.  A distinction should be observed between releasing a claim and releasing one of the parties liable.  If the injured party releases his claim for damages to one of the parties liable as a joint tortfeasor, he can not afterward assert it as against the others, but he may release one of the parties so liable without releasing the others.  The injured party may enforce his demand against all the joint wrongdoers except one and thus relieve that one of paying any part of his demand.  Those sued have no legal right to complain and they can not enforce contribution against the one not sued.  A joint wrongdoer is liable for the whole damage, and his liability is not increased by the release of one or more of the persons jointly liable with him.  From whatever viewpoint the question may be considered, there seems to be no good reason to hold that a covenant not to sue one of several persons, jointly liable as a tortfeasor, should have the effect of releasing the others.

In the case of *Booth* v. *Kinsey* (1852), 49 Va. 560, the distinction between a release of a claim or cause of action and a personal discharge of a debtor is aptly stated.  The court at page 568 of the opinion says: "According to Pothier there are two kinds of release, one called a 'real release', the other a 'personal discharge'.  A real release is where the creditor declares that he considers the debt as acquitted, it is equivalent to a payment, and renders the thing no longer due: 'consequently it liberates all the debtors of it as there can be no debtors without something due.'  A personal release merely discharges the debtor from his obligation, and extinguishes the debt indirectly where the debtor to whom it is granted was the sole principal, because there can be no

debt without a debtor. 'But if there are two or more debtors *in solido,* a discharge to one of them does not extinguish the debt; it only liberates the person to whom it is given and not his codebtor.' " In another part of his work on obligations Pothier states the rule thus, "It has long been settled, that if two persons are bound jointly and severally, a release to one is a discharge to all; and this rule applies in equity as well as at law. *Bower* v. *Swadlin* [1738], 1 Atkins 294. But the same rule does not apply in every case of a personal discharge. For instance, if a creditor covenants never to sue a debtor, this covenant may be pleaded by the debtor by way of discharge; but if two be bound jointly and severally, and the creditor covenants with one of them not to sue him, it has been held, that that shall not be a release, but a covenant only; for the covenant is not a release, in its nature, but only by construction, to avoid circuity of action; for where he covenants not to sue one, he has still a remedy, and then it shall be construed as a covenant, and no more." 2 Pothier, Obligations 59. The authorities quoted state the rule in reference to a joint and several obligation arising out of contract, but we can see no reason why the same rule should not apply to a like obligation arising out of a tort. In fact there seems to be less objection to applying the rule in the latter class of cases than in the former for the reason that no contribution is allowed as between joint tortfeasors.

The contract between appellee and the railroad company can not be construed as a release to that company of the claim which he was asserting against it. On the contrary it is clearly manifest from the terms of the agreement that appellee did not intend to release his claim, but that he intended to retain it. The answer cannot be held sufficient upon the theory that appellee had released his claim and had no claim to assert against the other wrongdoer. We do not think that the answer can be held good upon the theory that it shows that appellee's claim for dam-

ages has been fully paid and satisfied by the railroad company. It does not aver that appellee was not damaged in excess of $2,000. If it did, it would show a full satisfaction and would be sufficient for the reason that appellee could not demand a second satisfaction. The answer does not aver that appellee agreed to accept $2,000 as and for full payment and satisfaction of his claim, and if he did, such averment would be overcome by the terms of the written contract set out in the answer, which clearly show an opposite intention. The amount of appellee's claim was indefinite and uncertain. It could be made certain in one of two ways, either by judgment or agreement. If appellee had taken judgment against one of the wrongdoers and had enforced collection, there can be no doubt that this would have amounted to a satisfaction; or, if he had agreed with the railroad company to accept $2,000 or any other amount as full payment of his claim, the payment of such amount would have constituted a satisfaction. However, where it is expressly agreed, as in this case, that the amount paid is only a partial satisfaction, the others jointly or severally liable as tortfeasors are not relieved as to the residue of the damage, but the payment made will be regarded as a satisfaction *pro tanto* as to the others. There is a decided conflict of authority upon this question, but we have reached the conclusion that the better reason as well as weight of authority sustains the conclusions reached in this opinion. *Cleveland, etc., R. Co.* v. *Hilligoss, supra; Chicago, etc., R. Co.* v. *Averill* (1906), 127 Ill. App. 275; *Chicago, etc., R. Co.* v. *Averill* (1906), 224 Ill. 516, 79 N. E. 654; *Carey* v. *Bilby* (1904), 129 Fed. 203, 63 C. C. A. 361; *El Paso, etc., R. Co.* v. *Darr* (1906), 93 S. W. (Tex. Civ. App.) 166; *Gilbert* v. *Finch* (1903), 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. 623; *Edens* v. *Fletcher* (1908), 79 Kan. 139, 98 Pac. 784, 19 L. R. A. (N. S.) 618; *Duck* v. *Mayeu* (1892), 2 Q. B. 511; *Schramm* v. *Brooklyn Heights R. Co.* (1898), 54 N. Y. Supp. 945, 35 App. Div. 334; *Miller* v. *Beck* (1899),

108 Iowa 575, 79 N. W. 344; *Arnett* v. *Missouri Pac. R. Co.* (1896), 64 Mo. App. 368; *Chamberlin* v. *Murphy* (1868), 41 Vt. 110; *City of Chicago* v. *Smith* (1900), 95 Ill. App. 335; *Bloss* v. *Plymale* (1869), 3 W. Va. 393, 100 Am. Dec. 752; *Louisville, etc., Mail Co.* v. *Barnes* (1904), 117 Ky. 860, 79 S. W. 261, 64 L. R. A. 574, 111 Am. St. 273; *Bailey* v. *Delta Elec., etc., Co.* (1905), 86 Miss. 634, 38 South. 354; *Matheson* v. *O'Kane* (1912), 211 Mass. 91.

The court properly overruled appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict. From the facts found by such answers, the court can not say as a matter of law that appellee was guilty of contributory negligence. As to this question, the facts so found are of such a character that reasonable minds might draw opposite inferences. By its general verdict, the jury found that appellee was not guilty of contributory negligence. If the inference thus drawn by the jury is a reasonable one in view of the facts found by the answers to interrogatories, it must stand, even though the court might be of the opinion that the opposite inference might have been reached with equal or better reason.

Some of the questions presented by the motion for a new trial have been disposed of in the preceding discussion and need not be further noticed. Under the evidence, the question of contributory negligence of defendant was one of fact for the jury. We can not say that the evidence does not sustain the verdict.

It is claimed by appellee that the brief of appellant fails to present any question upon the giving and refusal of instructions, for the reason that all of the instructions given are not set out in the brief. To sustain his contention on this point the case of *Southern Ind. R. Co.* v. *Drennen* (1909), 44 Ind. App. 14, 88 N. E. 724, is cited. This case fully supports appellee's contention, but the Supreme Court in a later case held that where

the questioned instructions are set out in the brief of appellant, they will be treated and considered as the only ones applicable to the points involved unless appellee calls the attention of the court to the others by which they have been modified or specifically withdrawn. It is desirable that there should be no conflict between the decisions of this court and those of the Supreme Court, besides we think that the better rule is that appellant is required only to point out the error. He is not required to go to the extent of showing that the error has not been obviated or rendered harmless. That burden rests upon the appellee. The case of *Southern Ind. R. Co.* v. *Drennen, supra,* must, therefore, be regarded as overruled as to this point. *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 88 N. E. 682.

Appellant objects to instructions Nos. 7, 9, 10 and 11. The objection urged against instruction No. 7 is that it is a mandatory instruction directing the jury to return a verdict in favor of plaintiff in the event certain facts are established by a preponderance of the evidence, and that it does not require as a prerequisite to a recovery that the jury find the fact that plaintiff had no notice or knowledge of the danger which caused his injury, or that he did not thereby assume the risk. The objection is not well taken. The doctrine of assumption of risk applies in actions by a servant against his master to recover for personal injuries and is based upon the ground that the servant by his contract of employment assumes the risk of certain hazards incident to his employment. The doctrine can not be held to apply in such a case as this where no contractual relation existed between the plaintiff and defendant at the time of the injury. It has been stated as a general rule applicable to all cases that one who voluntarily encounters a known danger will not be permitted to recover for a resulting injury. This results from an application of the maxim *volenti non fit injuria.* The maxim

applies to the doctrine of contributory negligence as well as that of assumption of risk; and it has been held by the Supreme Court that, where there is no contractual relation between the parties, a person who voluntarily encounters a known danger may be held to be guilty of contributory negligence, but that he does not assume the risk in the or dinary acceptation of the term. *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918, 66·N. E. 742. If appellee knew of the danger at and prior to the time of his injury, it was proper for the jury to consider that fact together with other facts in evidence bearing upon the subject, in determining whether he was guilty of contributory negligence.

Instruction No. 9 states the law correctly and was properly given. Instructions Nos. 10 and 11 relate to the damages to be awarded plaintiff in the event of his recovery. By instruction No. 11 the jury was directed to consider the evidence bearing upon certain elements of damage therein enumerated and to award to plaintiff such an amount as under the evidence would compensate him for his injury. By instruction No. 10 the jury was told that if it found that a payment of $2,000 had been made to plaintiff by the railway company, on account of the claim made by him that such company was jointly liable with the defendant, then it might consider such fact in fixing the amount of damages to be awarded. The jury was nowhere told that after ascertaining the amount of plaintiff's damage it should deduct the amount paid by the railway company on account thereof. If an answer had been filed setting up as a partial defense, the payment of $2,000 by the railway company in part satisfaction of plaintiff's damages, the defendant would have just reason to complain of the instructions on the subject of damages; but upon the issue joined by the general denial, the instructions were more favorable to the appellant than it had a right to ask. A part payment on account of plain-

tiff's damages made by the railroad company in considera-
tion of an agreement not to sue it, could not be properly
considered in mitigation of damages, but should be con-
sidered rather as a partial payment. *Milhodden* v. *Sharp*
(1895), 13 Ind. App. 697; *Crum* v. *Yundt* (1895), 12 Ind.
App. 308, 40 N. E. 79; *McKyring* v. *Bull* (1857), 16 N. Y.
297, 69 Am. Dec. 696.

In view of the fact that the verdict is only $1,000, it is
not improbable that the jury made the proper deduction of
the $2,000 payment. In any event, in view of the issues,
the appellant is in no position to complain that the jury
was not definitely instructed upon this question. Judgment
affirmed.

NOTE.—Reported in 101 N. E. 756. As to joint and several lia-
bility of tortfeasors, see 16 Am. St. 250. As to release of one joint
tortfeasor on liability of the other, see 58 L. R. A. 293. On the
effect of a judgment against one joint tortfeasor on liability of
the other, see 58 L. R. A. 410. As to the effect of the release of a
joint tortfeasor, 1 Ann. Cas. 63; 11 Ann. Cas. 397; Ann. Cas. 1913
B 270. See, also, under (1) 38 Cyc. 490; (2) 38 Cyc. 491; (3) 34
Cyc. 1087, 1090; (4) 34 Cyc. 1090; (5) 23 Cyc. 778, 779; (6) 2 Cyc.
1016; (7) 26 Cyc. 1177, 1179.